## ATTACHMENT TO CITIZEN'S COMPLAINT # 2

## CLAIMANT: HOMER HAWKINS, III

This Citizen's Complaint concerns opening my legal mail out of my presence and failure to process my grievances at all levels when I was an inmate at the Marin County Jail in 2003.

It should not be difficult to investigate as a Claim covering all of these events was filed with the Board of Supervisors on November 24, 2003 and there should be an investigating file. In addition, someone from the Jail came and made photocopies of my envelopes containing legal mail which had been opened and provided me with a set of copies; Exhibits A and B are from this set. The Claim was ruled upon on January 15, 2004. The County's Claim Number is LO2-0107.

### Witnesses

Deputy R. Cloney, #1605, wrote that he had possession of the five envelopes addressed to the Ninth Circuit and that he took these to the lobby; this would have been on @July 22, 2003.(see Exhibit E)

Deputy R. Cloney, #1605, wrote that the SSA in lobby dropped the five envelopes into a box; this would have been on @July 22, 2003. (see Exhibit E)

Sergeant Marziano wrote on June 4, 2003, that three grievances as to which I was requesting further review were personally delivered to Lt. Froberg. (Exhibit H)

Inmates who were in the Administrative Segregation section of the Jail and who had a view of my cell at the time of searches on @June 9, 2003, @ June 21, 2003, and @September 21, 2003, could have witnessed the Deputies examining my legal papers while I was in the visiting room.

### Name or Description of Sheriff's Employee who is the Subject of Complaint

Sheriff Robert Doyle, Jail Facility Administrator

Captain Dennis McQueeny, Jail Commander/Facility Manager

Due to their authority, Sheriff Doyle and Captain McQueeny are responsible for failing to insure that policies which are intended to protect inmate's rights, such as the policy of only opening confidential legal mail in the presence of the inmate, the policy of not opening outgoing confidential legal mail, and the policy of promptly and responsively replying to inmate grievances at all levels, are followed.

Due to their supervisory as well as direct responsibilities, Lieutenant C. Fisher #1A32, Jail Supervisor and the other Lieutenants assigned to the Jail have responsibility for

insuring the implementation of Jail policies which are intended to protect inmate rights and they are responsible for failing to insure that my legal mail was not opened outside my presence, and that my outgoing legal mail was not opened, and for failing to insure that my requests for review of grievances at all levels were not ignored.

Prisoner Services: A grievance about opening other legal mail outside my presence had been referred to Prisoner Services. (Exhibit G) Perhaps Prisoner Services opened my incoming legal mail on @June 8, 2003 and @June 13, 2003. (Exhibits A and B)

SSA: Deputy Cloney indicated that my envelopes for the Ninth Circuit were left in the lobby with an SSA on @July 22, 2003. Perhaps an SSA opened my outgoing legal mail outside my presence and failed to mail part of my legal brief. (Exhibits D and E)

Deputy Filipiak #1249 and Deputy Harrington #1603, who conducted a search of my cell in Administrative Segregation on @June 21, 2003 and examined my legal papers without my being present while I was in the visiting room. (Exhibit C)

Deputy Filipiak #1249 who refused to give me a grievance form following the examination of my legal papers during the cell search, refused to accept a grievance regarding the examination of my legal papers during the cell search, and who gave me a disciplinary charge for trying to use the grievance procedure.

Deputy R. Cloney who in response to my grievance about the examination of my legal papers outside my presence during the cell search sanctioned the search of legal papers outside the presence of the inmate and the Shift Sergeant from Team D on June 22, 2003 who concurred.(Exhibit C)

Unknown Jail employees who conducted searches of my cell in Administrative Segregation on @June 9, 2003 and on @September 21, 2003 and examined my legal papers outside my presence while I was in the visiting room.

Lieutenant C. Fisher, #1A32, and Lieutenant Froberg who failed to provide a response to my grievances dated January 20, 2003, May 4, 2003, and May 9, 2003 as requested in a separate grievance. (Exhibits F and G)  The statement by Lieutenant Fisher that a response was provided to two grievances on 5-30-03 (Exhibit H) does not concern the grievances dated January 20, 2003, May 4, 2003, and May 9, 2003. The statement most likely relates to other responses by Lieutenant Fisher to other grievances on May 30, 2003. (see Exhibits F and L)

Lieutenant C. Fisher, #1A32 and Lieutenant Froberg who failed to provide a substantive response to my grievance as to why there had been no response at the final level to the three grievances dated January 20, 2003, May 4, 2003, and May 9, 2003. (Exhibit F)

Deputy Petersen, #1606, and S. DeLao who failed to conduct a proper investigation of my grievance of June 7, 2003, which grievance was that there were not full responses to many of my grievances. (Exhibit I)

2

Other unknown Jail employees who failed to process my requests for review of grievances at the next level. (see Exhibits C,G,I,J and K)

**Narrative (Describe Misconduct)**

**1. Opening of mail from Courts, Attorneys, and Public Offices outside of my presence and prior to delivery to me.**

Title 15 California Code of Regulations section 1063(c) provides as follows: "inmates may correspond, confidentially, with state and federal courts, any member of the State Bar or holder of public office, and the State Board of Corrections; however, jail authorities *may open and inspect such mail only* to search for contraband, cash, checks or money orders and *in the presence of the inmate*;" (emphasis added)

County employees at the Jail opened such mail addressed to me outside of my presence.

(1) An envelope, postmarked June 6, 2003, with the clearly printed return address of the Commission on Judicial Performance, and with the designation Confidential, in capital letters and underlined, and containing legal mail had been opened, outside of my presence, before it was brought to me by a Deputy, on June 8, 2003. A copy of the envelope and a copy of my notation that it had been opened are attached as exhibit A.

(2) An envelope, with the clearly printed return address of the U.S. Department of Justice in Washington, D.C. and containing legal mail, had been opened, outside my presence, before it was brought to me by a Deputy on June 13, 2003. A copy of the envelope and a copy of my notation that it had been opened are attached as Exhibit B.

When mail is sorted and legal mail is placed with non-legal mail which is to be opened and screened, that legal mail may take longer to reach an inmate than legal mail which is properly taken directly to the inmate without prior opening.

I have lost my right to privacy as to the contents of all of the envelopes which were opened outside of my presence. I have no idea how this information may be used.

**2. Review of mail from Courts, Attorneys, and Public Offices outside of my presence during searches of my cell when I was on visits with my attorney and my family.**

As set forth above, Title 15 California Administrative Code section 1063(c) provides that "inmates may correspond, confidentially, with state and federal courts, any member of the State Bar or holder of public office, and the State Board of Corrections; however, jail authorities *may open and inspect such mail only to search for contraband, cash, checks or money orders and in the presence of the inmate.*" (emphasis added)

County employees have reviewed my confidential mail outside of my presence during searches of my cell, when I was on visits with my attorney and my family.

3

(1) On @ June 9, 2003, I was released from my cell to go to a visit with my attorney from Legal Aid of Marin. The Deputies knew I was on a visit and that I could not observe what was going on in my cell. When I returned from the visit, I found that my cell had been searched and my legal papers had been left by the Deputies half way out of the envelopes.

(2) On @ June 21, 2003, I was released from my cell to go to a visit with my family. The Deputies knew I was on a visit and that I could not observe what was going on in my cell. When I returned from the visit, I found that my legal papers had been taken from the envelopes and the papers were thrown around the floor. I believe that this was also done in retaliation for my having taken legal action against the County, including having filed a Claim for a number of violations, including having opened incoming legal mail outside my presence on 15 different occasions during the preceding six months.

Later that day, I learned that the Deputies who had conducted the search were Deputy Filipiak #1249 and Deputy Harrington #1603. When I first saw Deputy Filipak after the search, he refused to give me a grievance form and told me not to file a grievance until after I got the report of the search. Later that day, I pushed a completed grievance under my door for pick up. Deputy Filipak refused to take the grievance and he charged me with a Rule Violation for the grievance.

The Deputies who conducted the search in effect admitted that they had gone through my legal papers in my absence; they had found two staples and a paper clip on my legal documents and charged me with a Rule Violation.

Another Deputy accepted my grievance regarding the trashing of my legal papers on June 21, 2003 and the refusal to give me a grievance form and the refusal to accept my completed grievance. A copy is attached as Exhibit C.

(3) On @ September 21, 2003, I was released from my cell to go to a visit with my family. The Deputies knew I was on a visit and that I could not observe what was going on in my cell. When I returned from the visit, I found that the Deputies had left my legal papers half way out of the envelopes and the envelopes were thrown around the floor.

**(3) Outgoing Mail to the United States Court of Appeals for the Ninth Circuit was opened and pages were removed.**

Section 1063(c) of Title 15 provides that inmates may correspond confidentially with federal courts and that mail is to be opened only in the inmates presence, and then only to search for contraband, cash, checks, or money orders. Section 1063 requires that the Facility Administrator, who is the Sheriff, develop policies and procedures to provide for this. The Policies and Procedures of the Sheriff provide that outgoing legal mail is not to be opened.

4

I had a dead line for a filing in a case in the United States Court of Appeals for the Ninth Circuit. I had requested a Manila envelope, as my document was lengthy. Section 1063(e) of title 15 provides for unlimited postage paid letters to the Courts for indigent inmates.

I had not received the Manila envelope and I needed to mail my document to meet the deadline. As the document was lengthy, I divided it among five envelopes. Each envelope was addressed to the Ninth Circuit, was clearly marked Legal Mail Confidential, and had postage. The envelopes were stapled together. On July 22, 2003, I gave an officer the five envelopes.

I received a letter from the Clerk of the Ninth Circuit, dated July 25, 2003. The letter stated that my brief could not be filed and one reason was that pages 3-5 were missing. A copy is included in Exhibit D. I believe that the pages were missing as a result of a violation of my rights by employees at the Jail, which prevented the mailing of these pages.

I filed a grievance, which was denied. A copy is attached as Exhibit E. Deputy R. Cloney stated that he had taken the envelopes to the lobby. Deputy Cloney indicated that he had left the envelopes with an SSA in the lobby and that the SSA had dropped them in a box. (Exhibit E)

 The Ninth Circuit also wrote that I needed to submit 15 additional copies of my brief in order to have it filed. (Exhibit B) Prisoner Services had advised me earlier in response to a different request that they did not provide zerox service. (Attachment to Citizen's Complaint #1, Exhibit V)

**(4) My Requests for Review of Grievances at the Final Level have not been Processed as Required and Jail Employees' Assertions that My Grievances have been Processed According to Policy are False.**

Section 1073 of Title 15 sets forth the minimum requirements for the inmate grievance procedure. These include appeal to the next level and written reasons for denial of grievance at each level. (15 Cal. Code Reg. section 1073(a)(3) and (4)).

When a grievance is wrongly denied and my appeal to the next level is ignored, my substantive rights regarding the subject of the grievance, as well as my procedural rights to appeal to the next level, are denied.

Exhaustion of administrative remedies is a requirement for a lawsuit by an inmate under 42 U.S.C. section 1983. (42 U.S.C. section 1997e(a)). Exhaustion of administrative remedies is also a requirement by case law for a lawsuit by an inmate in State courts, including the Marin County Small Claims Court.

The Marin County Sheriff's Department Prisoner Grievance form provides for three levels of review. Level I is the Line Office. Level II is the Shift Sergeant. Level III is the Jail Commander. Level III is the final level. (i.e. Exhibit C) Requests for Level III review might possibly be directed through the office of the two Lieutenants assigned to the Jail.

5

On numerous occasions I have given a grievance to a Deputy and requested that it go to the next level and have never received any response from the next level.

**(1) May 30, 2003 - June 10, 2003**

I submitted a grievance because I had not received a final level response to grievances dated January 20, 2003, May 4, 2003 and May 9, 2003. The Facility Commander's level response, dated May 30, 2003, was that the Housing Sergeant would investigate my complaint. The initials of the signer are not clear, but it appears that the badge number is 1A32, which I believe is Lieutenant C. Fisher. (Exhibit F)

The grievance dated January 20, 2003 was because there was a camera in the visiting room when I was talking with my defense attorney. The first level response by Deputy Tripp (or Toipp) # 1502 sanctioned the filming of attorney client visits. The grievance dated May 4, 2003, was because my legal mail had been opened on numerous occasions. The grievance dated May 9, 2003 was because my request to mail my legal documents had been denied. The only response to these two grievances was that each had been referred to Prisoner Services. (Exhibit G)

I submitted a follow up grievance on June 2, 2003, because while a Sergeant had come and gotten the three grievances, I had not gotten anything back. The Shift Sergeant Response level by Sergeant Marziano was that the three grievances had been delivered to Lieutenant Froberg and that the Lieutenant would address these previous grievances. (Exhibit H)

The Facility Commander's level Response on June 10, 2003, referred to two and not to three grievances, and was as follows: "I sent responses to both grievances on 5-30-03." (Exhibit H)  The initials of the signer are not clear, but it appears that the badge number is 1A32, which I believe would be Lieutenant Fisher. (Exhibit H)

It appears that Lieutenant Fisher, #1A32, was referencing responses to two other grievances on 5-30-03. Lieutenant Fisher, #1A32, had responded on 5-30-03 to a different grievance about the opening of my legal mail outside my presence. A copy of this grievance is attached as Exhibit L. Lietenant Fisher. #1A32, had also responded on 5-30-03 that the Housing Sergeant would investigate the failure to respond to three grievances. (Exhibit F).

I never received a final level response or any response from Lieutenant Foberg or Lieutenant Fisher or anyone else to the three cited grievances dated January 20, 2003, May 4, 2003, and May 9, 2003. (Exhibit G)

I never received a final level substantive response from Lieutenant Foberg or Lieutenant Fisher or anyone else to my grievance that these grievances had not been responded to according to the rules. (Exhibit F) The only response was the response that the Housing Sergeant would investigate. (Exhibit F)

**(2) June 7, 2003**

I had filed another grievance dated June 7, 2003, because as of June 7, 2003, I believed that out of 13 grievances which I had filed only 3 had full responses. (Exhibit I) As of June 7, 2003, the only response to my grievance in Exhibit F was that the Housing Sergeant would investigate (Exhibit F) and the only response to my follow up grievance in Exhibit H was that Lieutenant Froberg would address my earlier grievances. (Exhibit H)

The response of Deputy Petersen #1606 to my grievance of June 7, 2003 was: "all grievances are handled per Title 15." S. DeLao concurred with this response. (Exhibit I)

This was not true. These employees failed to conduct a proper investigation of my grievance. Title 15 requirements mandate procedures for appeal to the next level of review. (Section 1073(a)(3))  There were a number of additional grievances, which had been denied at lower levels, and on which I had requested and been denied a response at the higher level. For example, I submitted a grievance dated December 3, 2002 because there was no law library computer in the Pod and only a Penal Code and a Vehicle Code, and my request for review at the next level was ignored. (Exhibit J) I filed a grievance dated March 13, 2003 because I was allowed only one hour out of my cell and I had to choose between exercising and using the law library computer, and my request for review at the next level was ignored. (Exhibit J) I filed a grievance dated April 5, 2003, requesting to be allowed to call my Mother's doctor every once and a while as my Mother was ill, and my request for review at the next level was ignored.(Exhibit J) My Mother passed away on April 8, 2003.

I also requested review at the next level of the grievance dated June 7, 2003, which concerned the failure to process grievance through to the highest level, and this request for further review was ignored. (Exhibit I)

**(3) June 20, 2003**

I filed a grievance dated June 20, 2003, because I had been held in administrative segregation for 9 months without a classification hearing or a classification review. My request for review of this grievance at the next level was ignored. (Exhibit K)

**(4) June 22, 2003**

I filed a grievance dated June 22, 2003, because Deputies went into my cell while I was not present and went through my legal documents. I even had trouble filing the grievance because one of the Deputies who had done the search refused to take the grievance and charged me with a Rule Violation for trying to submit it. After I succeeded in submitting the grievance, my request for review of this grievance at Level III was ignored. (Exhibit C)

# EXHIBIT A

State of California
Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, CA 94102-3660

**CONFIDENTIAL**

Homer E. Hawkins, #0125988
Marin County Jail
13 Peter Behr Drive
San Rafael, CA 94903





WAS OPEN ON
JUNE 8, 2003

**EXHIBIT B**



U.S. Department of Justice

CRT/SPL

Washington, D.C. 20530

Penalty for Private Use $300



949903+8299  96

Homer Hawkins #0125988
Marion County Jail

Was open on
June 13, 2005
N. N.

# EXHIBIT C

**JAIL**
**DIVISION**

## MARIN COUNTY SHERIFF'S DEPARTMENT
## PRISONER GRIEVANCE

Prisoner's
Name _Homer E. HAWKINS (Sr.)_ ___ Bkg. # _5_ ___ Housing _A/S_
Received
From Prisoner: ___ Day _Sun_ ___ Date _06-22-03_ Time _0547_ Deputy _Floyd 1572_ Team _A_

Details of Grievance (Do **not** write on backside) _The reason why I am writing this grievance_
_is because my cell was search without my presence and while I was at_
_visiting on date (June 21, 2003). My Legal Materials was trash trash_
_all over. This retaliation is punishment for taking legal action against_
_the county Jail. (14th Amendment due process or equal protection standard_
_as opposed to (8th Amendment cruel and unusual punishment (Bell V. Wolfish_
_441 U.S. 520, 60 L. Ed 2d 447 (1979).) An officer found guilty of willful_
_inhumanity or oppression toward any Inmate/prisoner in his or her care or_
_custody will be fined as much as ($4,000.00) and may be removed from_
_office (Penal Code § 147): A refuse to give me grievance form. And I have to take_
_this grievance!_

### (Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name _R. Cloney_ ___ Team _D_ ___ Date _6-22-03_
_Homer - You Do Not Have To Be Present For A Cell Search. They_
_Can Be Done At Any Time - Occupied Or Not. If Your Papers Were_
_Moved, They Were Maybe Done So These Searching Deputy Could Conduct_
_A Thorough Search. A Cell Search Is Jail Policy, Not A Retaliation Tool._
Response
Shift Sgt.: Name _Mecast_ ___ Team _D_ ___ Date _6-22-03_

_Concur_

Requires
Response: _____ Classification    _____ Medical    _____ Food Services    _____ Other:

Response
Jail Cmdr. (Final Disposition) _____

Facility Commander _____ Date _____

Distribution:
**White** – Admin    **Canary** – Prisoner (Final Disposition)    **Pink** – Prisoner (Initial Receipt)

**EXHIBIT D**

Office of the Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street, P. O. Box 193939
San Francisco, CA 94119-3939

July 25, 2003

Homer E. Hawkins
MARIN COUNTY JAIL
#125988
13 Peter Behr Drive
San Rafael, CA 94903

OM:    Office of the Clerk
       By: Juanja V. Ross, Deputy Clerk

::     Receipt of a Deficient Brief of Appellant on July 24, 2003

       U.S. Court of Appeals Docket Number: 03-16801
       Short Title: Hawkins v. Marin Sheriff

       The referenced brief cannot be filed for the following reason(s):

       *** Pages 3-5 are missing from the "Informal Brief" you submitted.

       *** Insufficient copies of the brief were received.

---

       The following action has been taken with respect to the brief
       received in this office:

[ ]    The deficiency is judged to be minor.  The brief has been filed as
       of the date received. However, you are obligated within 14 days to
       correct the mentioned deficiency.

[X]    The deficiency by appellant is judged to be serious.  We cannot file
       your brief.  The deficiency must be corrected within 14 days or the
       case is subject to dismissal pursuant to Circuit Rule 42-1.  The
       receipt of a seriously defective brief by this office does not toll
       the time for filing the brief while the defect is being corrected.

          Circuit Rule 42-1 provides:

          When an appellant fails to file a timely record, pay the docket
          fee, file a timely brief, or otherwise comply with rules requiring
          processing the appeal for hearing, an order may be entered
          dismissing the appeal.  In all instances of failure to prosecute
          an appeal to hearing as required, the court may take such other
          action as it deems appropriate, including imposition of

disciplinary and monetary sanctions on those responsible for
prosecution of the appeal.

The deficiency by appellee is judged to be serious.  We cannot file
your brief.  You must correct the deficiency within 14 days or be
subject to the provisions of FRAP 31(C).

    FRAP 31(c) provides in part:

    If an appellee fails to file a brief, the appellee will not be
    heard at oral argument except by permission of the Court.

When submitting corrections to your brief or a corrected brief,
PLEASE RETURN A COPY OF THIS LETTER.  You must submit a motion to
file a late brief if the corrected materials or brief will not be
received until after the due date for filing the brief.  See also:
Circuit Rule 31-2.3 re: Extensions of time for filing brief.



Office of the Clerk
United States Court of Appeals for the Ninth Circuit
95 Seventh Street, P.O. Box 193939
San Francisco, CA 94119-3939

July 25, 2003

TO: Homer E. Hawkins
MARIN COUNTY JAIL
#125988
13 Peter Behr Drive
San Rafael, CA 94903

FROM: Cathy Catterson, Clerk/Court Executive
By: Juanja V. Ross, Deputy Clerk

RE: Notice of Deficient Briefs

U.S. Court of Appeals Docket Number: 03-16301
Short Title: Hawkins v. Marin Sheriff

The appellant's brief cannot be filed for the noted reason.

( )   The brief was not accompanied by excerpts of record
      as required by Ninth Circuit Rule 17-1/Ninth
      Circuit Rule 30-1. Within 14 days from the date of
      this notice, please submit five copies of the excerpts.
      If the deficiency is corrected within 14 days, the
      brief will be filed and the current briefing schedule
      will remain in effect.

( )   The brief does not include a proof of service as
      required by Federal Rules of Appellate Procedure 25.
      Within 14 days from the date of this notice, please
      submit the proof of service. If the proof of service
      states that the brief was timely served, the brief
      will be filed and the current briefing schedule will
      remain in effect. If the brief was not served by the
      scheduled date, you must additionally file a motion
      requesting leave to file the brief late. If such a
      motion is filed, the responding order will adjust the
      dates for filing any subsequent briefs.

( )   The brief was not served by the scheduled date.
      Within 14 days from the date of this notice, please
      submit a motion requesting leave to file the brief
      late. If such a motion is filed, the responding
      order will adjust the dates for filing any
      subsequent briefs.

(X)  Insufficient copies of the brief were submitted. Within
     14 days from the date of this notice, please submit _15_
     additional copies with attachments. If the copies are
     submitted within the notice period the previously received
     brief will be filed.

     If appellant/petitioner fails to correct the
     opening brief's defect within the 14 days allowed,
     the appeal/petition may be dismissed without
     further notice pursuant to Circuit Rule 42-1.
     If the reply brief's defect is not corrected in a
     timely manner, the reply brief will not be filed
     filed and the case will be deemed ready for calendaring
     on the basis of the principal briefs.

     If appellee/respondent fails to correct the
     answering brief's defect in a timely manner,
     appellee/respondent may be barred from participation
     at oral argument and may be subjected to sanctions.
     Fed. R. App. P. 31(c)   9th Cir. R. 31-2.3.


     PLEASE RETURN A COPY OF THIS NOTICE TO THE COURT ALONG
     ---------------------------------------------------
     WITH YOUR RESPONSE
     ------------------

**EXHIBIT E**

JAIL

DIVISION

## MARI. COUNTY SHERIFF'S DEPARTMEN.
## PRISONER GRIEVANCE

| Prisoner's | | | | | | |
|---|---|---|---|---|---|---|
| Name HOMER E. HAWKINS (3.) | | | Bkg. # 37 | | Housing A | |
| Received From Prisoner: | Day SUN | Date 7-27-03 | Time 1528 | Deputy R. CLONEY | Team D | 1605 |

Details of Grievance (Do **not** write on backside) _Once again I have to write a grievance_

_about my legal mail being "OPEN" when "INMATE HAWKINS" sent (5-Postage Envelope's)_

_that was "STAPLES" together to the (NINTH CIRCUIT DISTRICT COURT OF CALIFORNIA)._

_Because Inmate sent Item's of "INFORMAL BRIEF" to the court on date (July 22, 2003)_

_and a respond from the Court saying that Items of the brief are "Missing" from_

_the envelope (Pages (3.) (5.).) I believe this is a Violation of (1063. Correspondence_

_(a.) (d.) (c.), GUIDELINES); All inmate's right to confidential communications_

_with Courts, also protected under (Article I, section 1, 7, 11 and 13 of the California_

_Constitution and under the First, Fifth, Sixth, Eighth, Thirteenth and Fourteen_

_Amendments to the United States Constitution._

### (Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name R. CLONEY 1605        Team D    Date 7-27-03

MR. HAWKINS - I TOOK YOUR LETTERS TO THE LOBBY TO BE MAILED BECAUSE
THE POSTAL OUTBOX WAS STORED THERE. THEY WERE UNADULTERATED UPON MY
DROP-OFF TO THE LOBBY. THE SSA IN THE LOBBY DROPPED THE LETTERS INTO THE

INBOX. IF YOUR CONCERN IS ABOUT OUR STAFF WE ONLY OPEN AND SEARCH INCOMING
Response MAIL, NOT OUTGOING MAIL. YOUR ISSUE IS EITHER WITH THE POSTAL SERVICE, OR
Shift Sgt.: Name THE COURTS. BBX406        Team B    Date 2-27-03

CONCUR WITH LEVEL 1 RESPONSE

/

Requires
Response: _____ Classification    _____ Medical    _____ Food Services   X Other:

INMATE WANTS NEXT LEVEL TO RESPOND. EB/SYL

Response
Jail Cmdr. (Final Disposition) NO POLICY VIOLATION OR DEVIATION IN THIS MATTER
REFER CONCERN TO POSTAL SERVICE
Facility Commander    C. Fisher    Date 7/29/03

Distribution:
**White** - Admin        **Canary** - Prisoner (Final Disposition)        **Pink** - Prisoner (Initial Receipt)

**JAIL**
**DIVISION**

## MAR. COUNTY SHERIFF'S DEPARTMEN
## PRISONER GRIEVANCE

Prisoner's
Name _HOMER E. HAWKINS (3.)_ Bkg. # _A/s 1_ Housing _A/s_
Received
From Prisoner: Day_____ Date_____ Time_____ Deputy_____ Team_____

Details of Grievance (Do **not** write on backside) _The reason why I am writing this_
_grievance form is because I have not receive a Last Responds from_
_the grievance I have file on (Jan 20, 2003) (May 4, 2003) (May 9, 2003);_
_and I would like to know why is the reply of the last responds is_
_not answer within "SEVEN DAYS"._

### (Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name_____ Team_____ Date_____

Response
Shift Sgt.: Name_____ Team_____ Date_____

Requires
Response: _____ Classification _____ Medical _____ Food Services _____ Other:

Response _When you write a grievance keep the pink copy as your receipt. The yellow copy_
_is to be returned to you with a disposition. Housing sergeant will investigate_
Jail Cmdr. (Final Disposition) _your complaint._

Facility Commander _____ Date _5-30-03_

Distribution:
**White** – Admin    **Canary** – Prisoner (Final Disposition)    **Pink** – Prisoner (Initial Receipt)

**EXHIBIT G**

JAIL DIVISION

MARI. COUNTY SHERIFF'S DEPARTMEN.

PRISONER GRIEVANCE

| | | |
|---|---|---|
| Prisoner's Name HOMER E. HAWKINS (3?) | Bkg. # LOCK DOWN | Housing 6 |
| Received From Prisoner: Day MON Date 1-20-03 Time 1853 | Deputy TRIPP #1502 | Team B |

Details of Grievance (Do not write on backside) THE Reason why I am writing this grievance is because I have focus on a violation of my "ATTORNEY & Defendant", privacy rights. Last week my attorney came and saw me about represented defense; But when the light's started going on and off I turn my head a realize that a "CAMERA", was watching or Viewing our consultation talk's. Defendant Various constitutional bases support provide these right's "Under U.S. Const., amend. VI," right toabsolute privacy [In re Qualls (1943) 57 Cal. App. 2d 330, 331, 136 P. 2d 341]):

(Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN COUNTY JAIL, Civic Center San Rafael, CA 94903

Response Line Officer: Name DEP. TRIPP #1502 Team B Date 1-20-03

TITLE 15/ STATES YOU ARE ENTITLED 'CONFIDENTIAL CONSULTATION WITH ATTORNEYS". THIS IS GIVEN TO ALL INMATES DURING THEIR VISITATIONS WITH ATTORNEYS. THE CAMERAS ARE TO MONITOR YOUR BEHAVIOR AND KNOW WHEN VISITS ARE OVER TO EXIT INMATES FROM THE VISITING ROOMS.

Response Shift Sgt.: Name ____ Team ____ Date ____

Requires Response: ____ Classification ____ Medical ____ Food Services ____ Other:

Response Jail Cmdr. (Final Disposition) ____

Facility Commander ____ Date ____

Distribution:
White – Admin   Canary – Prisoner (Final Disposition)   Pink – Prisoner (Initial Receipt)

JAIL                    MARIN   OUNTY SHERIFF'S DEPARTMEN.
DIVISION                        PRISONER GRIEVANCE

Prisoner's
Name    HOMER  HAWKINS                        Bkg. # lock down 12 Housing U/S
Received
From Prisoner:   Day SUN    Date 5/4    Time 0540 Deputy Van/O En/ing Team A

Details of Grievance (Do not write on backside) Once again I have to write up a
GRIEVANCE about my "LEGAL MAIL" being "OPEN". Not only once,
but "FOUR" time's. The first Violation was on date (JUNE 12, 2003); The
Second Violion was on date (SEPTEMBER 11, 2003); The Third Violation was
on date (DECEMBER 31, 2002); The Fifth Violatin was on date (January 7,
2003) when I wrote the [First Grievance]; The Sixth violation was on date
(March 3, 2003): And the Seventh last time was on date (May 2, 2003):
And all mail "legal" must be opened in [PRESENCE OF INMATES] or it a
"Federal" Violation, I Mail Room do not care about this Law!

_____

**(Do not write below this line)**

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA  94903

Response
Line Officer: Name ~~John~~ VANDERLIND        Team A        Date 5/4/03

   FORWARD TO PRISONER SERVICES.

Response
Shift Sgt.: Name_____        Team_____  Date_____

Requires
Response: _____ Classification      _____ Medical      _____ Food Services    _____ Other:

Response
Jail Cmdr. (Final Disposition) _____

             Facility Commander _____ Date _____

Distribution:
**White** – Admin     **Canary** – Prisoner (Final Disposition)     **Pink** – Prisoner (Initial Receipt)

Case 3:07-cv-05644-SI   Document 1-4   Filed 11/06/2007   Page 27 of 40

JAIL

DIVISION

MARIN COUNTY SHERIFF'S DEPARTMENT
PRISONER GRIEVANCE

Prisoner's
Name  _Higgins, Hawkins (3.)_                  Bkg. #_lowdown_ 1   Housing _A/s_ 1
Received
From Prisoner:   Day _Fri_   Date _05-09-23_  Time _2/45_  Deputy _Floyd 1572_  Team _A_

Details of Grievance (Do **not** write on backside)  _The reason why I am writing this a_
_grievance form is because I have try many time to send out "LEGAL_
_Documents" but The "Prisoner Services" have "REFUSE" to send out my_
_mail because I was a "INDIGENT" Inmate. The "CONSTITUTIONAL LAW"_
_say I have the right's to access to the Courts" (U.S. Const., amend. XIV [Twelfth_
_V, McDonnell (1974) 417 U.S. 539, 556, 94 S. Ct. 2963, 41 L. Ed. 2d 935].) And_
_Inmate as an "INDIGENT" prisoner the County Jail should take some Kind of access_
_[HOUFRSTEN V. SUPERIOR COURT of SAN LUIS OBISPO (1999) 74 Cal. App. 4th 136,_
_642-644; 87 Cal. Rptr. 2d 197]. And County Jailer Prisoner Services" should not delay_
_"LEGAL MAIL" (see Exparte Hull (1940) 312 U.S. 546,549, 61 S. Ct. 640, 85 L. Ed. 1034); Please send:_

(Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA  94903

Response
Line Officer:  Name _MFLOYD1572_                     Team _A_     Date _05-09-23_

_REFER To PRISONER SERVICES_

Response
Shift Sgt.:  Name_____  Team_____  Date_____

Requires
Response: _____ Classification         _____ Medical         _____ Food Services     _____ Other:

Response
Jail Cmdr. (Final Disposition) _____

                    Facility Commander _____ Date_____

Distribution:
**White** – Admin     **Canary** – Prisoner (Final Disposition)     **Pink** – Prisoner (Initial Receipt)

**EXHIBIT H**

**JAIL**
**DIVISION**

**MARI.. COUNTY SHERIFF'S DEPARTMEN.**
**PRISONER GRIEVANCE**

Prisoner's
Name _HOMER HAWKINS (3.)_ Bkg. # _3_ Housing _A/5_

Received
From Prisoner: Day _MON_ Date _6-2-03_ Time _1805_ Deputy _Cook_ Team _D_

Details of Grievance (Do not write on backside) _This grievance about another_
_grievance's. A "Sgt.;- FREY" came on date (May 30, 2003) and_
_needed some grievance for the "Commander", because they did_
_not have any copy's of the grievance's I had writen up. The_
_"Sgt" said that he would bring them back but I have not seen them_
_yet. And is wondering what happen to them._
_These are the (date's - Jan, 20, 2003) (date - May 4, 2003)_
_(date - May 9, 2003):_
_I would like to have these document's back:_

**(Do not write below this line)**

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name _____ Team _____ Date _____
_REFER TO SGT. FREY._

Response
Shift Sgt.: Name _Sgt. MARZANO_ Team _____ Date _06/04/03_
_THOSE COPIES WERE TAKEN BY ME AND DELIVERED TO LT. TROBERG WHO WILL_
_ADDRESS THE PREVIOUS GRIEVANCES._

Requires
Response: ____ Classification ____ Medical ____ Food Services ____ Other:

Response
Jail Cmdr. (Final Disposition) _I sent Responses To both GRIEVANCES ON 5-30-03_
Facility Commander _____ Date _6-10-03_

Distribution:
**White** – Admin    **Canary** – Prisoner (Final Disposition)    **Pink** – Prisoner (Initial Receipt)

**EXHIBIT I**

**JAIL**

**DIVISION**

MARI. COUNTY SHERIFF'S DEPARTMEN.

PRISONER GRIEVANCE

Prisoner's
Name _HOMER F. HAWKINS (3.)_    Bkg. # _A/5  3_    Housing _A/5_

Received
From Prisoner:   Day _SAT._ Date _6-7-03_ Time _11:50_ Deputy _SIMPTON_ Team _C_

Details of Grievance (Do **not** write on backside) _The reason why I am writing up this grievance is because I have concern about the way that the grievance's are being handle and respond's. Out of the number of grievance's I have writen up and that is (13- GRIEVANCES) Only (3- GRIEVANCE'S) have full respond's. Their are Violation's of the "DUE PROCESS" within this "County JAIL" of Marin, and need to be "ADDRESS OF CONCERN": (see Sandin V. Conner (1995) 515 U.S. 472, 115 S. Ct. 2293, 132 L. Ed. 2d 418-432) (see U. S. Const., amend. XIV))._

---

(Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name _PETERSEN  1606_    Team _A_   Date _6·7·03_

_ALL GRIEVANCES ARE HANDLED PER. TITLE 15._

Response
Shift Sgt.: Name _S. DE LAO  XYIS_   Team _A_   Date _6/8/03_

_CONSUR WITH LEVEL I_

Requires
Response: ____ Classification    ____ Medical    ____ Food Services    ____ Other:

Response
Jail Cmdr. (Final Disposition) _____

    Facility Commander _____ Date _____

Distribution:
**White** – Admin    **Canary** – Prisoner (Final Disposition)    **Pink** – Prisoner (Initial Receipt)

# EXHIBIT J

JAIL                    MAR    COUNTY SHERIFF'S DEPARTME...
DIVISION                       PRISONER GRIEVANCE

Prisoner's
Name      Homer Hawkins                    Bkg. #   04        Housing Pod - 13
Received
From Prisoner:    Day Tuesday Date  12-3-02 Time 1815 Deputy Gus 142 Team   D

Details of Grievance (Do **not** write on backside)  This Grievance is about the
" COMPUTER LAW LIBRARY ",  It is clearly that the Law must
provide all Jails and Prisons with an adequate Book's or
computer, that contain a Pod or a Dorm with this access
of Law Material within it physical reach , ( WOLFF  Vs.
Mc DONNEII (1974) 418 U.S. 539, 579 580, 94 S. Ct. 2963, 41 L. Ed.
2d 935 ); Or fail necessary Judicial Proceedings, ( BOUNDS  Vs.
SMITH (1977) 430 U.S. 817, 822 - 825, 97 S. Ct. 1491, 52 L.
Ed. 2d 72 )):  That " Pod - B ", Inmates have had no access
to the computer or law ", Because Missing " DRIVER , gone two days,
or three days.
                    (Do not write below this line)
If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name  Gus  142             Team  D    Date  12-3-02
THE COMPUTER HAS BEEN GONE FROM POD-B FOR SEVERAL DAYS AND POD-6
HAS BEEN WITHOUT ACCESS TO ANY FORM OF LAW LIBRARY, EXCEPT FOR
A PENAL CODE AND VEHICLE CODE BOOK.  THIS SEEMS TO BE AN ON-GOING
PROBLEM.

Response
Shift Sgt.: Name        T. WESS  X377              Team  A    Date  12/6/02
REFER  TO  DEPUTY  ROY  REGARDING  LAW LIBRARY BEING
REPAIRED 12-09-02, OUT FOR REPAIRS - WILL BE ON-LINE 12-10-02
Requires
Response: ____ Classification          ____ Medical          ____ Food Services  ____ Other:

Response
Jail Cmdr. (Final Disposition) _____

                    Facility Commander _____          Date _____

Distribution:
**White** – Admin          **Canary** – Prisoner (Final Disposition)          **Pink** – Prisoner (Initial Receipt)

JAIL                    MAR    COUNTY SHERIFF'S DEPARTME.
DIVISION                        PRISONER GRIEVANCE

                                              PS-5

Prisoner's
Name  HOMER HAWKINS                    Bkg. # 5            Housing Lock down
Received
From Prisoner:  Day THVR S  Date 3/13  Time 0355  Deputy 1591  Team  A

Details of Grievance (Do **not** write on backside)  The reason why I am fileing this

grievance is because there are inflicting treatment being use in "DISCIPLINARY"

SEGREGATION" Lock down. It seem to me that If a "INMATE/PRISON" of "EXERCISE

Hour" a constitutional right. Then the "RIGHT" should not be interference with

or if The "COUNTY JAIL" is inflicting unusual punishment that make a Inmate

to choose "BETWEEN LAW LIBRARY" and "EXERCISE Hour", then the deprivation

of the necessities time frame is a violation of indifference requirement.

Constitutional previsions that are significant to the civil rights of Inmate/Prisoner

are (cal. const., art. I § 1, and art. II, § 4, and U.S. const., amends. I, VI, VIII, XIV.)

_____

                    (Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center-San Rafael, CA  94903

Response
Line Officer: Name                        Team _____ Date _____

      TO    Sgt

_____

_____

Response
Shift Sgt.: Name  BH X434               Team  A  Date  031303

Por  Time is  And  Jail  Policy, Hour out  Time

is  Sufficient  to  Use  Law  Library.  You Have

Requires  Choices  to  Make — You  Can't  Have  it  All.
Response: _____ Classification       _____ Medical       _____ Food Services     _____ Other:

_____

Response
Jail Cmdr.  (Final Disposition) _____

                    Facility Commander _____  Date _____

Distribution:
**White** – Admin        **Canary** – Prisoner (Final Disposition)      **Pink** – Prisoner (Initial Receipt)

**JAIL**
**DIVISION**

**MARIN COUNTY SHERIFF'S DEPARTMENT**
**PRISONER GRIEVANCE**

---

Prisoner's
Name _HOMER HAWKINS (3.)_     Bkg. # _Lock Down #5_   Housing _D/5_
Received
From Prisoner:   Day _SAT_   Date _04-05-03_ Time _0600_ Deputy _OToole #1549_ Team _A_

Details of Grievance (Do not write on backside) _I writeing of this grievance is_
_because my mother is "Ill" and I have to call the doctor once_
_and a while so I wouldknow what is being done. Or I would ask_
_some of the officers if I could make a call and most of them_
_would think or tell me that I was just manipulateing these_
_call's. So I asking for a wording to be put on my bed card that_
_I be given call every once and awhile_

---

**(Do not write below this line)**

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name _L O Toole #1549_   Team _A_   Date _4-5-03_
THIS IS REALLY NOT A GRIEVABLE ISSUE. PHONE CALLS
ARE TO BE MADE ON YOUR HOUR OUT AND DEPUTIES TRY TO
ROTATE YOUR HOUR FROM DAY TO NIGHT, INMATES CAN
NOT ALWAYS HAVE ALL THEIR SPECIAL NEEDS MET IN A TIMELY
FASHION.

Response
Shift Sgt.: Name _SEYLER_     Team _____   Date _4/5/03_

---

Requires
Response: _____ Classification     _____ Medical     _____ Food Services     _____ Other:

---

Response
Jail Cmdr. (Final Disposition) _____

Facility Commander _____     Date _____

Distribution:
**White** – Admin     **Canary** – Prisoner (Final Disposition)     **Pink** – Prisoner (Initial Receipt)

**EXHIBIT K**

MR. HAWKINS
6-19-03

**JAIL**
**DIVISION**

**MARIN COUNTY SHERIFF'S DEPARTMENT**
**PRISONER GRIEVANCE**

Prisoner's
Name  _HOMER E. HAWKINS_                      Bkg. #  _3_          Housing _A / 5_
Received
From Prisoner:    Day _6-20-03_ (FRI) Date _6-20-03_ Time _1355_  Deputy _HARRINGTON_  Team _1(A)/C_ TEAM

Details of Grievance (Do **not** write on backside) _Under the Penal CODE" and the_

_"STATE CONSTITUTION" expressly prohibit all cruel or unusual punish-_

_ment. (TITLE 15 section (1083)(a.)(i.)) Both the federal and state con-_

_stitutions protest "INMATES/PRISONERS" from cruel and unusual punishment_

_[u.s. Const., amend. VIII; Cal., Const., act. I, § 17]. A Inmate/prisoner possess_

_right to limited procedural due process before discipline is imposed. Although the_

_specific due process rights "For example, right to written notice, right to_

_a hearing, or confrontation and cross examination of witnesses." (wolff_

_V. McDonnell (1974) 418 u.s. 539, 555-556, 94 S. Ct. 2963, 41 L. Ed. 2d 935).._

_An officer found guilty of willful inhumanity or oppression toward Inmates/Prisoner_
_(Penal Code § 147):_
(Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name _DEPUTY HARRINGTON_ #1607 _FLIPINK_ #1249  Team _C_  Date _6-20-03_

_BOTH DEPUTY FLIPINK AND MYSELF SPOKE TO INMATE HAWKINS. MR. HAWKINS CLAIMS HE_

_HAS BEEN HELD IN LOCKDOWN FOR 9 MONTHS WITHOUT A HEARING FOR BATTERING ANOTHER_

_INMATE. UPON FURTHER INVESTIGATION I FOUND THE ORIGINAL INCIDENT REPORT, IN WHICH MR._

_HAWKINS WAS QUESTIONED BY STAFF AND RESPONDED "NO ANSWER". THIS MR. HAWKINS DID HAVE_
Response A HEARING. SEE ATTACHED COPY.
Shift Sgt.: Name _S. DELAO_ _x415_          Team _A_  Date _6/20/03_

_CONCUR W/ LEVEL I. ADDITIONALLY YOU WERE GIVEN THE CHOICE_

_TO GO BACK TO MAINLINE AND REFUSED._
Requires
Response: _____ Classification        _____ Medical        _____ Food Services        _____ Other:

Response
Jail Cmdr. (Final Disposition) _____

Facility Commander _____  Date _____

Distribution:
**White** – Admin          **Canary** – Prisoner (Final Disposition)          **Pink** – Prisoner (Initial Receipt)

**EXHIBIT L**

**LEGAL AID OF MARIN**
30 North San Pedro Road, Suite 220
San Rafael, CA 94903
Tel: (415) 492-0230, Ext. 320
Fax: (415) 492-0947
**1-800-498-7666**

**COPY**

**November 25, 2003**

Homer Hawkins
Marin County Jail
13 Peter Behr Way
San Rafael, CA 94903

Dear Mr. Hawkins:

Please find enclosed a copy of the Claim as filed, including exhibits and proof of service.

As we discussed, grievances prior to June 3003, in which your request for further review were denied, were included in this Claim, as evidence to refute the response in the June 2003 grievance, that your earlier grievances had been processed in accordance with Title 15. Accordingly, I no longer plan to file an Application for a Late Claim regarding failures by the Jail to follow the grievance system which, occurred prior to June 2003.

By separate letter, I have already advised you that this office would not be able to assist you with the underlying subject of those grievances which did not concern mail or searches. Such grievances have been included in the Claim just filed in so far as your request for further review at the next level was denied.

For example, the Claim just filed cites as a violation of your rights under the grievance system, the refusal of the Jail for review at the next level of the grievance regarding your placement in segregation.

The question of whether or not your placement in segregation was itself a violation of your rights is one those matters, of which I have already advised you by separate letter, that this office would not be able to assist.

If you have any questions, please do not hesitate to let me know.

Sincerely:

Jean Bordon
encls.
JB/jb

**JAIL**          MAI.  **COUNTY SHERIFF'S DEPARTME.**
**DIVISION**             **PRISONER GRIEVANCE**

---

Prisoner's
Name _HOMER F. HAWKINS_____ Bkg. # _A/s 1_ Housing _A/s 1_
Received
From Prisoner: Day _THRS_ Date _5/29/03_ Time _0840_ Deputy _KANSANBACK_ Team _C_

Details of Grievance (Do **not** write on backside) _Once again I have to file a grievance_
_about my Legal mail being "OPEN". On May 7, 2003 State Board of Control_
_mail was Open"; "On May 20, 2003 Legal Aid of Marin mail was open";_
_"On May 20, 2003 Marin County Superior Court Mail was Open"; On May 22, 2003_
_Supreme Court of California Mail was Open"; And now the NORTHERN U._
_S. DISTRICT COURT (May 20, 2003) was Open to!_
_And all mail "LEGAL MAIL" must be opened in the [PRESENCE OF INMATES]_
_or "it a "FEDERAL VIOLATION" and the mail Room must dont care about the law._
_[In re short (1976) 55 Cal. App. 3d 268, 272, 127 Cal. Rptr. 498] (California_
_Constitution [Cal. Const., art. I, §1]):_

### (Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name _DEPUTY KANSANBACK_ Team _C_ Date _5/29/03_
_MARIN COUNTY JAIL POLICY ON LEGAL MAIL IS TO OPEN IN_
_THE PRESENCE OF THE INMATE. MY PERSONAL KNOWLEDGE ALL_
_DEPUTIES FOLLOW COUNTY POLICY._

Response
Shift Sgt.: Name _T. NIESS_ _X377_ Team _C_ Date _5/29/03_
_A NOTICE WAS SENT TO ALL DEPUTIES REGARDING LEGAL MAIL._

Requires
Response: _____ Classification _____ Medical _____ Food Services _____ Other:

Response
Jail Cmdr. (Final Disposition) _Legal MAIL MAY be opened by A Deputy ONLY in The presence of_
_The INMATE To check FoR ContrAband. NOT To be Read by_
_The Deputy._
Facility Commander _____ Date _5-30-03_

Distribution:
**White** – Admin      **Canary** – Prisoner (Final Disposition)      **Pink** – Prisoner (Initial Receipt)