**Attachment to Citizen's Complaint # 3**

**Claimant: Homer Hawkins III**

This Citizen's Complaint covers violations of my rights to access to the courts and to confidential legal communications between November 2003 and May 2004 while I was an inmate at the Marin County Jail. It should not be difficult to investigate this Complaint as a Claim was filed on May 27, 2004 with the Board of Supervisors and amended on June 15, 2004 regarding the subject matter of this Citizen's Complaint and there should already be an investigation file. The Claim was ruled upon on July 9, 2004. The County's Claim number is LO3-0054.

**Witnesses**

Deputy J.M. #1587: Violation of 11-30-03 – Failure to Mail or Return Envelope addressed to Judicial Council. Deputy J.M. #1587 acknowledged in writing that he had received my inmate request form, asking Prisoner Services for postage, for the envelope which was attached to the request form. (see Exhibit A)

Deputy D. Martino #1422: Violation of 4-6-04 – Opening legal mail outside my presence and delivering it without the envelope. Deputy Martino acknowledged in writing on the back of the first page of the legal document that he had delivered to me, and also that he had been instructed to do so by Lieutenant Froberg. (see Exhibit E, page 2)

Deputy York: Violation of 4-28-04 through 4-30-04 – Refusal to allow telephonic contact as specified under Notice of Hearing – Deputy York under instruction by a Sergeant took my copy of the Court Order and phoned to find out if there was a hearing. Deputy York should know the name of the Sergeant. (see Exhibit G)

Unknown Deputy in the Attorney Visiting Room with Deputy L. Bolstad #209 – Violation of 5-5-04 – Refusal to open pass through for inmate to give attorney signed fee waiver and signed complaint. The unknown Deputy would have witnessed Deputy Bolstad's refusal to open the pass through and heard his statement that this was based on a policy of Lieutenant Fisher.

Jean Bordon, 30 North San Pedro, #220, San Rafael, CA 94903 – Violation of 5-5-04 – Jean Bordon was present when Deputy Bolstad refused to open the pass through and stated that this was based on a policy of Lieutenant Fisher.

Deputy Knight #1542: Violation of 4-13-04 – Failure to mail or return confidential legal mail addressed to the Ninth Circuit. Deputy Knight acknowledged in writing that he had received my inmate request form, which was attached the envelope, on April 13, 2004. Deputy Knight told me that he had delivered these to Prisoner Services. (see Exhibit M)

Susan King – 415-456-4313: Violation of 4-13-04 – Failure to mail or return confidential legal mail addressed to the Ninth Circuit. Susan King telephoned the Ninth Circuit on

my behalf and was told the Ninth Circuit had never received the Petition for Writ of Habeas Corpus which had been contained in this envelope. (see Exhibit M)

**Name or Description of Sheriff's Employee who is the Subject of Complaint.**

Sheriff Robert Doyle, Jail Facility Administrator

Captain Dennis McQueeny, Jail Commander/Facility Manager

Due to their authority, Sheriff Doyle and Captain McQueeny are responsible for policies which violate my rights, such as the policy of not having any protocol in place to allow inmates to telephone courts to listen to and to respond to tentative rulings and to participate in telephone conferences with the courts, and the policy of not allowing inmates to send legal documents which they have signed through the pass through to an attorney.

Sheriff Doyle and Captain McQueeny are also responsible for failing to insure that policies which are intended to protect inmate's rights, such as the policy of only opening confidential legal mail in the presence of the inmate and the policies of providing indigent inmates with postage for legal mail, not reading outgoing legal mail, and mailing outgoing legal mail are followed.

Prisoner Services: Violation of 11-30-03 Failure to Mail or Return Envelope addressed to Judicial Council. The Inmate Request form attached to the envelope was addressed to Prisoner Services. This suggests that Prisoner Services failed to provide postage and mail the envelope and failed to return the envelope.(see Exhibits A and B)

Deputy Bateman, # 1362, Sergeant Frey, #X394, and Lieutenant Fisher, #1A32: Grievance Reviewers Violation of 11-30-03 Failure to Mail or Return Envelope addressed to Judicial Council. The Reviewers failed to conduct an inadequate investigation to find out what had happened to my envelope; no one interviewed Deputy J.M. #1587, who had been given the request form and envelope and no one interviewed Prisoner Services, to whom the request was directed. (see Exhibits A, B, and C)

Lieutenant Fisher, #1A32, Final level of Grievance Review Violation of 11-30-03, Failure to Mail or Return Envelope. Lieutenant Fisher failed to specify any plan or proposal to remedy what the Level I Reviewer had reported to be a failure on several occasions for courts to receive documents.

Lieutenant Froberg: Violation of 4-6-04 – opening legal mail outside my presence and having it delivered without an envelope. Deputy D. Martino, #1422, acknowledged in writing that Lieutenant Froberg had instructed that the mail be delivered to me and that it had been delivered it straight to me. (Exhibit E, page 2) The mail was legal mail which had obviously been removed from an envelope and the envelope was not delivered to me. This suggests that Lieutenant Froberg may have been the person who opened my legal mail outside my presence and had it delivered without an envelope.

2

Grievance Reviewers Deputy Bateman, #1362, Sergeant Frey #X394, and Lieutenant Fisher #1A32 – Violation of 4-6-04 – opening legal mail outside my presence and having it delivered without an envelope. (Exhibits E, page 2 and F) The grievance reviewers failed to conduct an adequate investigation directed at finding out who had opened the envelope and removed my legal mail; no one interviewed Deputy Martino who delivered the legal document and no one interviewed Lieutenant Froberg, who had given the legal document to Deputy Martino without an envelope.

Unknown Deputies assigned to Disciplinary Segregation and Sergeants on duty at the Jail from the morning of April 28, 2004 through the evening of April 30, 2004, and other unknown members of the Sheriff's Office who failed to timely process my request for telephonic contacts as Specified in Notice of Hearing from the Superior Court of Alameda. (Exhibit G)

Deputy York and other unknown members of the Sheriff's Office who failed to process my first grievance regarding failure to have scheduled a telephonic court appearance on April 30, 2004. (Exhibit K)

Lieutenant Fisher who failed to address on its merits my second grievance regarding failure to have scheduled a telephonic court appearance on April 30, 2004. (Exhibit L)

Deputy L. Bolstad, #209 – Violation of 5-5-04 – Deputy Bolstad refused to open the pass through for a fee waiver and complaint which I had signed and which I wished to give to an attorney and Deputy Bolstad stated that this refusal was based upon a policy of Lieutenant Fisher.

Lieutenant Fisher, #1A32 – Violation of 5-5-04 – According to Deputy Bolstad, Lieutenant Fisher had established a policy which prohibited opening the pass through for an inmate to pass legal documents which he had already signed to an attorney.

Prisoner Services: Violation of 4-13-04 - Failure to Mail or Return Envelope addressed to Ninth Circuit. The Inmate Request form attached to the envelope was addressed to Prisoner Services. This suggests that Prisoner Services failed to provide postage and mail the envelope and failed to return the envelope. (Exhibit M)

Deputy Bateman, # 1362, Sergeant Frey, #X394, and Lieutenant Fisher, #1A32: Grievance Reviewers Violation of 4-13-04 Failure to Mail or Return Envelope addressed to Ninth Circuit. The Reviewers failed to conduct an adequate investigation to find out what had happened to my envelope; no one interviewed Deputy Knight #1542, who had been given the request form and envelope and no one interviewed Prisoner Services, to whom the request was directed to whom Deputy Knight had delivered the request and envelope. (see Exhibits C and M)

Lieutenant Fisher, #1A32, Final level of Grievance Review Violation of 4-13-04 -

3

Failure to Mail or Return Envelope. Lieutenant Fisher failed to specify any plan or proposal to remedy what the Level 1 Reviewer had reported to be a failure on several occasions for courts to receive documents. (Exhibit C)

**Narrative (Describe Misconduct)**

**1. Confidential Legal Mail Addressed to the Judicial Council of California Was Not Deposited in the U.S. Mail by the Jail and Was Not Returned to Me by the Jail - November 30, 2003**

Inmates without funds are entitled to unlimited postage paid letters for legal mail. (15 Cal. Admin. Code sections 1086 and 1063) I was an indigent inmate. Prisoner Services is responsible for indigent inmate requests for postage and envelopes for legal mail.

On November 30, 2003, I wrote an Inmate Request Form to Prisoner Services to mail an attached large brown envelope, which was addressed to the Judicial Council of California. The Inmate Request Form states that I am indigent and cannot afford postage and requests that the large envelope be mailed to the Judicial council of California. The written Inmate Request Form was attached to the envelope. I gave both to Deputy J. M. #1587.

I hand wrote a duplicate copy of the Inmate Request Form. The Request Form is initialed as received by Officer J.M. #1587 on November 30, 2004. A photocopy is attached as Exhibit A.

The contents of the envelope concerned my ongoing criminal case. The contents were a confidential communication regarding the Judge assigned to my criminal case. Since January 2004, I had been acting as my own attorney in my ongoing criminal case.

On February 8, 2004, I wrote a letter to the Judicial Council of California. I wanted to find out the result of my communication of November 30, 2003.

In a letter dated February 17, 2004, the Commission on Judicial Performance responded as follows: "With reference to your letter dated February 8, 2004, please be advised that our records do not reflect any correspondence from you dated November 30, 2003." A copy of this letter from the Commission on Judicial Performance is attached as Exhibit B.

This envelope, containing confidential communication to the Judicial Council of California, was never returned to me. I have no idea what has happened to this confidential information.

I filed an inmate grievance regarding the failure to have mailed this envelope. I requested review at all levels. The response at Level I by Deputy Bateman, #1632, was that it had not been possible to find out what had happened. The response at Level II by Sergeant Frey, #X394 was that it had not been possible for Level I to find out what happened. The

4

response at Level III, by Lieutenant Fisher, #lA32, was that the grievance had been handled at Level I. (Exhibit C)

All grievance reviewers failed to conduct an adequate investigation. The level I reviewer acknowledged that I had Inmate Request forms which Deputies initialed. Nevertheless, at no level of review is it stated that Deputy J.M. # 1587, who had acknowledge receiving the request and envelope, or that any employee in Prisoner Services, to whom the request and envelope had been directed, had actually been interviewed. (Exhibit C) This suggests the absence of an effort to find out what happened to my legal mail in the Jail.

Lieutenant Fisher, #1A32, failed to indicate recommending or adopting any plan to remedy this ongoing problem with outgoing legal mail from indigent inmates. The Level I reviewer, Deputy Bateman, related that I had told him that 3 different courts had denied receiving material. Deputy Bateman suggested that may be there should be a log in booking to log outgoing legal mail. There is nothing to suggest this has ever been considered or implemented. Lieutenant Fisher made no comment on this suggestion. The Level II reviewer, Sergeant Frey, suggested that I consider sending my legal mail through Legal Aid. Legal Aid of Marin is a private non profit office which has no connection with the County or the Jail. Legal Aid does not have a contract with the County to process inmate legal mail. Legal Aid does not have an office in the Jail. Legal Aid does not assist in criminal cases. In what appears to be Sergeant Frey's handwriting, it is also suggested that the Jail's Prisoner Services handle my legal mail. This envelope, which was never received by the Judicial Council, had in fact been attached to my written inmate request to Prisoner Services to mail the envelope. The indication is that it was Prisoner Services which failed to mail the envelope to the Judicial Council or return it to me. The only thing which appears to be in Lieutenant Fisher's writing is the following: "Handled by Level I." (Exhibit C)

**2. Incoming Confidential Legal Mail from Office of County Counsel to Me Was Opened and Removed from Its Envelope Outside of My Presence and Delivered to Me With No Envelope on April 6, 2004.**

Mail to an inmate from an attorney or a holder of public office may only be opened in the presence of the inmate and only to search for contraband and never to read the mail. (15 Cal. Admin. Code section 1063(c))

Since January 2004, I had been acting as my own attorney in my ongoing criminal case. I filed a Petition for a Writ and another Petition in Marin County Superior Court in March 2004. These Petitions concerned my ongoing criminal case in which I continued to be acting as my own attorney.

By an order filed March 19, 2004, the Court issued a Request for Informal Response Re: Petition for Writ re: Grand Jury Hearing, Equal Protection, Due Process, Obstruction of Justice, Tampering with Evidence, Denial of Confidential Communication with Court. By an order filed March 30, 2004, the Court issued a Request for Informal Response Re: Petition for Writ: Affidavit Support and a Request for Informal Response Re: Official

5

Employee Disobeys the Judge Court Order. A copy of each order is attached as Exhibit D.

On April 6, 2004, Deputy D. Martino, #1422, handed me the official Informal Response from County Counsel, Attorney for Respondents. The Informal Response had two folds, which clearly indicated it had been in a standard business size envelope. The Informal Response was not in an envelope when it was delivered to me and an envelope was not delivered to me.

On the back of the first page of the Informal Response, I documented that this legal mail had previously been opened and was given to my by Officer D. Martino, #1422. Deputy Martino further documented this as follows: "4/6/04 Lt. Froberg asked me to deliver mail to Homer Hawkins in AS09. It was delivered straight to him. DOM 1422."

A copy of the front of the first page and the back of the first page of the Informal Response is attached as Exhibit E.

I filed an inmate grievance about this opening of my legal mail outside my presence. I requested review at all levels. The reviewers were Level I Deputy Bateman, #1362, Level II Sergeant Frey #X394, and Level III Lieutenant Fisher #1A32. (Exhibit F)

All grievance reviewers failed to conduct an adequate investigation. While I told the Level I reviewer that this violation was verified in writing by Deputy Martino, and the Level I reviewer documented this in the grievance response, Deputy Martino was not interviewed at any level. While Deputy Martino had been instructed by Lieutenant Froberg to deliver this legal document which no longer had an envelope, Lieutenant Froberg was not interviewed at any level. While I told the Level I reviewer that my legal mail had been opened outside my presence several times, the grievance responses do not indicate any investigation directed at finding out who had removed this legal document from the envelope. (Exhibit F)

In the response to this grievance, Lieutenant Fisher indicates that a new procedure for handling legal mail is being considered. (Exhibit F) Apparently this new procedure did not include outgoing legal mail from indigent inmates. (compare Exhibit C, which concerned outgoing legal mail and which was signed by Lieutenant Fisher on the same date.) To my knowledge, no new procedure for incoming legal mail has ever been implemented.

**3. Refusal to Allow Telephonic Contacts As Specified Under Notice of Hearing from Superior Court of Alameda County – April 28 through 30, 2004**

Acting as my own attorney, I filed a complaint in the Superior Court of Alameda County, for the wrongful withholding of personal property valued in excess of $400,000. On March 29, 2004, the Deputy Clerk mailed a Notice of Hearing. (Exhibit G)

6

The Notice stated that a Complex Determination Hearing was set for 2:00 p.m. on April 30, 2004. The Notice stated that "Department 22 operates a tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date." (Exhibit G)

The Notice stated that a Case Management Conference was set for 1:30 p.m. on June 6, 2004. The Notices stated that "TELEPHONIC COURT APPEARANCE at Case Management Conferences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor." (Exhibit G)

The Notice contains the following: "Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22." (Exhibit G)

Local Rule 5.7 provides as follows: "The Civil Law and Motion Departments operate tentative ruling systems. Procedures and telephone numbers for each department are listed in the Appendix. Failure to follow the procedure of the Court will result in the tentative ruling becoming the Court's order." (Exhibit H)

A Copy of Appendix E, to Local Rules 4 and 5, which is captioned "COMPLEX CIVIL LITIGATION" is attached as Exhibit I. The rules regarding Tentative Rulings are in Section 6. The rules include the following: "1. Department 22 operates a tentative ruling system for complex cases. The tentative ruling can be obtained by calling the tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date. 2. The tentative ruling will become the Court's ruling unless by 4:00 p.m. the court day preceding the hearing, counsel or an unrepresented party leaves a message on the tentative ruling voice mail system to request argument and to specify the case name, line number, and the issues to be contested." (Exhibit I)

In the Disciplinary/Segregation unit where I was housed at the Jail, inmates are allowed out of their cells a minimum of only one hour a day. The particular hour may be and often is outside of normal business hours. Telephone calls can only be made from outside the cell. Indigent inmates, who cannot afford to buy phone cards, can only call numbers, such as the Alameda County number, collect. Most offices refuse to accept collect calls or have blocks which prevent collect calls.

I sent two written Inmate Request Forms, one on the morning of April 28, 2004, and one on the evening of April 28, 2004, asking Deputies to be able participate in a telephonic court appearance. I also made this request verbally to the officer assigned to the unit. I made the verbal request three days in a row. I received no response.

As related above, the Hearing was set for 2:00 p.m. on April 30, 2004.

Late on the afternoon of April 30, 2004, during my time out of the cell, I tried to call both of the telephone numbers on the Notice from the Superior Court of Alameda County and both of the numbers were blocked.

It was even later on Friday, April 30, 2004, before I got any response to all my requests. Deputy York told me that the Sergeant had asked him to come and get the Court Order so that Deputy York could make a call and verify the hearing. Deputy York went into some other area of the Jail. When Deputy York returned he told me that he had called and there was a hearing. I was never allowed to use a regular phone.

A copy of the Order issued by the Court, following the scheduled hearing date of April 30, 2004 is attached as Exhibit J. The Order states that "The Tentative Ruling was published and has not been contested." The Order of the Court was as follows: "The complex determination hearing is DROPPED by the Court. The complaint was voided by the court order dated 4/19/04." (Exhibit J)

I filed a grievance on April 30, 2004. The grievance was received by Deputy York. A copy of the grievance is attached as Exhibit K. After seven days, I had received no response to the grievance. Under the Jail's stated policy, a grievance should be answered within seven days. I have never received a response to this grievance.

I filed a second grievance on May 5, 2004, regarding both the failure to have allowed the telephone call and the failure to have responded to my grievance of April 30, 2004. The response of the Level I reviewer, Deputy #1596, was to refer it to "Admin." The response of the Level II reviewer, Sergeant #X434, was that it was not clear whether my earlier grievance was still pending with "Admin.", but that the request for telephonic court conference was unusual must be reviewed by "Admin." (Exhibit L)

The Level III response of Lieutenant Fisher #1A32 was that my original grievance had not been received by "Admin" and it should be forwarded to her. (Exhibit L)

As I have never received any response to my original grievance, I can only assume that either Deputy York or the First Level reviewer still had both the white Admin copy and the canary yellow inmate disposition copy. I only had the pink inmate initial receipt copy.

While both the Level I and Level II reviewer had provided that Administration (Admin) should review whether a telephone call to the Court was possible, at Level III Lieutenant Fisher did not refer this question to a higher authority and also failed to understand and/or address the issue and suggested that I needed to consult the court or my attorney. (Exhibit L) As already stated above, I was acting as my own attorney in the Alameda County case.

**4. Refusal to Allow Delivery of Fee Waiver and Complaint to an Attorney – May 5, 2004.**

8

I had understood that my case in Alameda Superior Court could be reinstated if I filed the fee waiver application and a copy of the complaint.

I again prepared a fee waiver application and a copy of my complaint.

Jean Bordon, an attorney, came to the Jail on May 5, 2004. I was going to give the completed fee waiver application and a copy of my complaint to the attorney because of the problems I was having with my out going legal mail.

The visit was in an attorney visiting room, which includes a pass through, which can be unlocked by the Deputies, so that documents may be exchanged. Two Deputies eventually came into the room. The attorney informed them that the pass through was needed for documents which I had signed.

One Deputy, Deputy L. Bolstad #209, spoke. He stated that the pass through could only be opened when the attorney was passing a document to the inmate to be signed by the inmate. He refused to open the pass through so that I could pass the fee waiver which I had signed and the copy of the complaint which I had signed to the attorney. Ms. Bordon asked if she could see a copy of this policy. This Deputy indicated there was no written statement of this policy and that this policy was the policy of Lieutenant Fischer. The Deputies quickly left the room.

**5. Confidential Legal Mail Addressed to the United States Court of Appeals for the Ninth Circuit Was Not Deposited in the U.S. Mail by the Jail and Was Not Returned to Me by the Jail – April 13, 2004**

Inmates without funds are entitled to unlimited postage paid letters for legal mail. (15 Cal. Admin. Code sections 1086 and 1063) I was an indigent inmate. Prisoner Services is responsible for indigent inmate legal mail requests for postage and envelopes.

On April 13, 2004, I wrote an Inmate Request Form to Prisoner Services to mail an attached large envelope, which was addressed to the United States Court of Appeals for the Ninth Circuit. The envelope contained a Petition for a Writ of Habeas Corpus. This Petition for Habeas Corpus concerned my ongoing criminal case in which I was acting as my own attorney. The Inmate Request Form states that I am indigent and cannot afford the postage, and requests that this "Large, over weighted" envelope be mailed to the Ninth Circuit. I gave the Inmate Request form and the attached envelope to Deputy Knight #1542.

I had also hand written a duplicate copy of the Inmate Request Form. This is signed by Deputy Knight #1542, as received on April 13, 2004. A copy of this Inmate Request form is attached as Exhibit M.

Deputy Knight also told me that he had delivered these to Prisoner Services.

9

Susan King telephoned the Ninth Circuit on my behalf and was told that the Ninth Circuit never received this Petition for a Writ of Habeas Corpus.

Neither this envelope nor its contents were ever returned to me. I have no idea what happened to this confidential information.

I filed a grievance regarding the failure to have mailed this envelope to the United States Court of Appeals for the Ninth Circuit. This grievance also covered the failure to have mailed other legal documents, including the envelope addressed to the Judicial Council which is discussed above.(Exhibit C)

I requested review at all levels. The response at Level I by Deputy Bateman, #1632, was that it had not been possible to find out what had happened. The response at Level II by Sergeant Frey, #X394 was that it had not been possible for Level I to find out what happened. The response at Level III, by Lieutenant Fisher, #1A32, was that the grievance had been handled at Level I. (Exhibit C)

All grievance reviewers failed to conduct an adequate investigation. Although the Level I reviewer acknowledged on the grievance response that I had inmate request forms which Deputies had initialed, at no level of review is it stated that Deputy J.M. # 1587, who had acknowledge receiving the request and envelope, or that any employee in Prisoner Services, to whom the request and envelope had been directed, had actually been interviewed. (Exhibit C) This suggests the absence of an effort to find out what happened to my legal mail.

Lieutenant Fisher, #1A32, failed to indicate recommending or adopting any plan to remedy this ongoing problem with outgoing legal mail from indigent inmates. The Level I reviewer, Deputy Bateman, related that I had told him that 3 different courts had denied receiving material. Deputy Bateman suggested that may be there should be a log in booking to log outgoing legal mail. There is nothing to suggest this has ever been considered or implemented. Lieutenant Fisher made no comment on this suggestion. The Level II reviewer, Sergeant Frey, suggested that I consider sending my legal mail through Legal Aid. Legal Aid of Marin is a private non profit office which has no connection with the County or the Jail. Legal Aid does not have a contract with the County to process inmate legal mail. Legal Aid does not have an office in the Jail. Legal Aid does not assist in criminal cases. In what appears to be Sergeant Frey's handwriting, it is also suggested that the Jail's Prisoner Services handle my legal mail. This envelope, which was never received by the Judicial Council, had in fact been attached to my written inmate request to Prisoner Services to mail the envelope. The indication is that it was Prisoner Services which failed to mail the envelope to the Judicial Council or return it to me. The only thing which appears to be in Lieutenant Fisher's writing is the following: "Handled by Level I." (Exhibit C)

10

# EXHIBIT A

# MARIN COUNTY JAIL
### Inmate Request Form

Route to: (circle one or use blank space to write in their name)

1. Housing Sergeant
2. Booking Sergeant
3. Prisoner Services
4. Inmate Programs
5. Probation
6. Public Defender
7. Education
8. (other)

From: HOMER E. HAWKINS                    LAR#: 0125988

Pod & Bed # or (Cell #) Lock Down A/5 # 7

I am writing you about.: I Inmate "Hawkins" would like
to see if your office could be able to send this
"LARGE SIZE OF ENVELOPE" TO THE (JUDICIAL
COUNCIL OF CALIFORNIA) under (Title - 15,
section-1083. (e); Title - 15, section 1068 (a).)
           I am a "INDIGENT" inmate and cannot
afford to retain "POSTAGE PAID STAMPS" (Title-
15, section 1045.(b) Guideline and Paragraph (4).)

    Thanking you for your time and attention to
this matter! NOVEMBER 30, 2003

          RECEIVE BY OFFICER:
                M 587
                11-30-03

### Property Release Request

I Authorize The Release Of The Items Of Property Listed Above

| TO: (NAME) | (Their Signature) |
|---|---|
| (Inmates Signature) | (Persons ID # ) |
| Property Released By: | (Badge #)  (Date & Time) |

### Do Not Write Below This Line

JAIL FORM  12/94

**EXHIBIT B**



State of California
Commission on Judicial Performance
455 Golden Gate Avenue, Suite 14400
San Francisco, CA  94102-3660
(415) 557-1200
FAX (415) 557-1266

February 17, 2004

Homer E. Hawkins, III
Marin County Jail - Lar #0125988
13 Peter Behr Drive
San Rafael, CA  94903

Dear Mr. Hawkins:

    With reference to your letter dated February 8, 2004, please be advised that our records do not reflect any correspondence from you dated November 30, 2003.

    Thank you for your interest in the work of the commission.

        Very truly yours,

        Donna M. Vargas
        Staff Counsel

DMV:kh/L0217haw

Confidential under California Constitution,
Article VI, Section 18, and Commission Rule 102

**EXHIBIT C**

JAIL
DIVISION

MARIN COUNTY SHERIFF'S DEPARTMENT
PRISONER GRIEVANCE

Prisoner's
Name _HOMER F. HAWKINS (3.)_ Bkg. # 0125938  Housing # 15
Received
From Prisoner: Day THURS Date 5/6/04 Time 0540 Deputy JC 590 Team A

Details of Grievance (Do not write on backside) _The reason this grievance being WRITTEN_
_up is because I sent one [STATE OF CALIFORNIA COMMISSION ON JUDICIAL_
_PERFORMANCE] writ on date of [November, 30, 2003] and then Court told on_
_date [February 17, 2004] that their records do not show that form's was_
_receive at there office._
_Also in this grievance I sent out [writ's/forms] to [SUPERIOR COURT OF OAKLAND]_
_and they was never receive at there office (Dated: 3-March 31, 2004)._
_Plus there was [writ's/Forms] sent out to the [UNITED STATES OF_
_APPEALS] and was never receive at their office Either on date [____ April_
_13, 2004]. This only mean that there have been a violation of (legal Mail) process._

(Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response
Line Officer: Name _Bowerman 1362_ Team _C_ Date _05-06-04_
ON 05-06-04 @ 0740 I SPOKE WITH INMATE HAWKINS ABOUT THIS MATTER. MR.
HAWKINS TOLD ME 3 DIFFERENT COURTS HAVE DENIED RECEIVING MATERIALS HE H
SENT TO THEM. MR. HAWKINS DOES HAVE 2 INMATE REQUESTS WHICH DEPUTIES HAVE
INITIALED, INDICATING ITEMS WERE MAILED. IT IS UNKNOWN WHAT WAS CONTAINED IN
THESE ENVELOPES, HOWEVER, SINCE WE DO NOT INSPECT OUTGOING MAIL OR VERIFY
THEIR CONTENTS, IT IS DIFFICULT TO PROVE OR DISPROVE WHAT WAS SENT OUT.
AND SINCE THERE IS NO WAY FOR MR. HAWKINS TO SEND ITEMS OUT VIA REGISTERED
MAIL, THERE IS NO WAY TO TRACE MAIL SENT TO HIS COURT. IT MAY BE SOLVED
Response WE HAD A LOG BOOK IN BOOKING TO LOG OUTGOING LEGAL MAIL.
Shift Sgt.: Name _Huey 894_ Team _C_ Date _5-6-04_

INVESTIGATING OFFICER UNABLE TO DETERMINE IF THIS SITUATION WAS DUE TO ANY ACTION BY STAFF. A MAY
WANT TO CONSIDER USING HIS LEGAL AID ATTORNEY TO PROCESS MAIL SINCE HE HAS REGULAR CONTACT WITH THEM.
Requires SUFFICIENTLY HANDLED THROUGH DOCUMENTATION.
Response: _____ Classification _____ Medical _____ Food Services _____ Other:
RECOMMEND THAT IN FUTURE PRISONER SERVICES HANDLE ANY AND ALL LEGAL MAIL MATTER
Response WITH INMATE HAWKINS.
Jail Cmdr. (Final Disposition) HANDLED by Level-1.

Facility Commander _____ Date 5-7-04

Distribution:
**White** – Admin   **Canary** – Prisoner (Final Disposition)   **Pink** – Prisoner (Initial Receipt)

445.40

**EXHIBIT D**



MAR 19 2004

JOHN F. MONTGOMERY,
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: R. Machon, Deputy

*R Machon*

## SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MARIN

| | |
|---|---|
| IN THE MATTER OF: | )   Case No.: SC119372A |
| | ) |
| HOMER HAWKINS | )   REQUEST FOR INFORMAL |
| | )   RESPONSE RE: PETITION FOR |
| | )   WRIT RE: GRAND JURY |
| FOR A WRIT OF HABEAS CORPUS | )   HEREING(SIC), EQUAL |
| | )   PROTECTION, DUE PROCESS, |
| | )   OBSTRUCTION OF JUSTICE, |
| | )   TAMPERING WITH EVIDENCE, |
| | )   DENIAL OF CONFIDENTIAL |
| | )   COMMUNICATION WITH |
| | )   COURT'S(SIC) |

The undersigned judge has been assigned by the Chief Justice of the State of California to preside in Department "O" of the above-entitled court from March 22, 2004 until April 19, 2004.

Pursuant to that assignment, this court has reviewed the attached pleading submitted by the defendant, in propria persona either immediately prior to or during the period within which the undersigned judge has been assigned to Department "O." A review of this document appears to be in the nature of a Writ of Habeas Corpus. Pursuant to California Rules of Court, Rule 4.551(b), this court requests an informal response from the respondent, People of the State of California, within fifteen (15) days. Any response shall be filed with the court, with a copy served upon the petitioner. If any response is filed with the court by the respondent, petitioner shall have fifteen (15) days within which to file a written reply. A copy of the reply must be served upon the respondent.

Dated: 3/19/04

_____
ROBERT A. BARCLAY, Assigned Judge
SUPERIOR COURT OF CALIFORNIA

)

STATE OF CALIFORNIA )
COUNTY OF MARIN )

IN RE HOMER HAWKINS
ACTION NO.: *SCI19372A*
(PROOF OF SERVICE BY MAIL – 1013A, 2015.5 C.C.P.)

I AM AN EMPLOYEE OF THE SUPERIOR COURT OF MARIN; I AM OVER THE
AGE OF EIGHTEEN YEARS AND NOT A PARTY TO THE WITHIN ABOVE-
ENTITLED ACTION; MY BUSINESS ADDRESS IS CIVIC CENTER, HALL OF
JUSTICE, SAN RAFAEL, CA 94903. ON   3/19/04      I SERVED THE
WITHIN *REQUEST FOR INFORMAL RESPONSE* IN SAID ACTION TO ALL
INTERESTED PARTIES, BY PLACING A TRUE COPY THEREOF ENCLOSED IN
A SEALED ENVELOPE WITH POSTAGE THEREON FULLY PREPAID, IN THE
UNITED STATES POST OFFICE MAIL BOX AT SAN RAFAEL, CA ADDRESSED
AS FOLLOWS:

| | |
|---|---|
| *HOMER HAWKINS*<br>*CDC NO. LAR #0125988*<br>*MARIN COUNTY JAIL*<br>*(VIA INTEROFFICE MAIL)* | *SHERIFF*<br>*MARIN COUNTY CIVIC CENTER*<br>*ROOM 145*<br>*(VIA INTEROFFICE MAIL)* |
| *COUNTY COUNSEL*<br>*BYRON TOMA*<br>*ROOM 303*<br>*SAN RAFAEL, CA 94903*<br>*(VIA INTEROFFICE MAIL* | |

*I CERTIFY (OR DECLARE), UNDER PENALTY OF PERJURY UNDER THE LAWS OF THE*
*STATE OF CALIFORNIA THAT THE FOREGOING IS TRUE AND CORRECT.*

DATE: 3/19/04                      R Machon

FILED

MAR 3 0 2004

JOHN A. MONTGOMERY,
Court Executive Officer
MARIN COUNTY SUPERIOR COURT
By: R. Machin, Deputy
R. Machin

# SUPERIOR COURT OF CALIFORNIA

## COUNTY OF MARIN

IN THE MATTER OF:                          ) Case No.: SC119372A
                                           )
HOMER HAWKINS                              )
                                           )  REQUEST FOR INFORMAL
                                           )  RESPONSE RE: PETITION FOR
                                           )  WRIT: AFFIDAVIT SUPPORT:
FOR A WRIT OF HABEAS CORPUS                )  REQUEST FOR INFORMAL
                                           )  RESPONSE RE: OFFICIAL
                                           )  EMPLOYEE DISOBEYS THE JUDGE
                                           )  COURT ORDER

The undersigned judge has been assigned by the Chief Justice of the State of California to preside in Department "O" of the above-entitled court from March 22, 2004 until April 16, 2004.

Pursuant to that assignment, this court has reviewed the attached pleading submitted by the defendant, in propria persona, on a date either immediately prior to or during the period within which the undersigned judge has been assigned to Department "O." A review of this document appears to be in the nature of a Writ of Habeas Corpus. Pursuant to California Rules of Court, Rule 4.551(b), this court requests an informal response from the respondent, People of the State of California, within fifteen (15) days. Any response shall be filed with the court, with a copy served upon the petitioner. If any response is filed with the court by the respondent, petitioner shall have fifteen (15) days within which to file a written reply. A copy of the reply must be served upon the respondent.

Dated: 2 30 04

ROBERT A. BARCLAY, Assigned Judge
SUPERIOR COURT OF CALIFORNIA

**EXHIBIT E**

1   PATRICK K. FAULKNER, COUNTY COUNSEL
Renee Giacomini Brewer, SBN 173012
2   3501 Civic Center Drive, Room 303
San Rafael, CA 94903
3   Tel.: (415) 499-6117, Fax: (415) 499-3796

4

5   Attorneys for the Respondents.

6

7

8

9             SUPERIOR COURT OF CALIFORNIA, COUNTY OF MARIN

10

11   In the Matter of the Application of:        Case No.: SC119372A

12   HOMER HAWKINS              INFORMAL RESPONSE OF MARIN
COUNTY SHERIFF'S DEPARTMENT
13           Petitioner,        AND THE PEOPLE OF THE STATE OF
CALIFORNIA ON PETITIONER'S WRITS
14   For a Writ of *HABEAS CORPUS*.     OF *HABEAS CORPUS* DATED March 19,
2004 and March 30, 2004.
15            Plaintiff,

16

17   COMES NOW THE PEOPLE OF THE STATE OF CALIFORNIA AND THE MARIN COUNTY

18   SHERIFF'S DEPARTMENT (hereinafter respondents) and responds to Petitioner's Writs of Habeas

19   Corpus as follows:

20       Petitioner has filed two writs of habeas corpus asking for relief under Rule of Court 56.5 based

21   on the following issues as depicted in the moving papers:

22

23       (1) Grand Jury Hearing;

24       (2) Equal Protection;

25       (3) Due Process;

26       (4) Obstruction of Justice;

27       (5) Tampering with Evidence;

28       (6) Denial of Confidential Communication with Courts;

LEGAL MAIL WAS PREVIOUSLY

OPEN AND WAS GIVEN BY

OFFICER   D. MARTINO 1422                    Date: 4/6/04

4/6/04  LT. FROBERG ASKED ME TO DELIVER MAIL TO
NUMER HAWKINS IN AS09. IT WAS DELIVERED STRAIGHT TO HIM.
                                                    D.M 1422

**EXHIBIT F**

JAIL

DIVISION

## MARIN COUNTY SHERIFF'S DEPARTMENT

## PRISONER GRIEVANCE

Prisoner's
Name _HOMER E. HAWKINS (3.)_    Bkg. # _0125988_    Housing D/ _15 # 9_
Received
From Prisoner:    Day _THURS_ Date _5/10/04_ Time _05:40_ Deputy _VC / 5916_ Team _A_

Details of Grievance (Do not write on backside) _The reason this agrievance is being_
_written out is because that once again my (LEGAL MAIL) is be open without_
_my "PRESENCE" and with a [DUE PROCESS] violation of which that_
_the "OFFICIAL's" have (NO) Respect for the Inmate's [CONSTITUTIONAL]_
_right's plus the violation of access to (CONFIDENTIAL COMMUNICATION_
_WITH COURT AND PUBLIC OFFICER'S). This violation accrued in the_
_"MARIN COUNTY SHERIFF'S DEPARTMENT" on date of (April 6, 2004)_
_with officer signature._
_[COUNTY COUNSEL OF MARIN - MAIL WAS VIOLATION OF OPENING_
_IN A PRECIOUE MANNER OF THE OFFICIAL'S]._

#### (Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN
COUNTY JAIL, Civic Center San Rafael, CA 94903

Response:
Line Officer: Name _Soleman 132_    Team _C_    Date _05.06.04_
ON 05.06-04 @ 0730 I SPOKE WITH INMATE HAWKINS ABOUT THIS MATTER. MR. HAWKINS
SAID HIS LEGAL MAIL HAS BEEN OPENED IMPROPERLY OUT OF HIS PRESENCE ON
SEVERAL OCCASIONS BY OUR STAFF. MR. HAWKINS SAID THE ONE REFFERED TO IN THIS
GRIEVANCE WAS ACKNOWLEDGED & SIGNED BY DEPUTY DIANA MARTINO; HOWEVER,
WHEN I ASKED TO BORROW IT TO MAKE A COPY OF IT, HE SAID HE JUST
MAILED IT TO HIS ATTORNEY. WHEN I ASKED WHY HE WAITED A MONTH TO FILE
THIS GRIEVANCE, MR. HAWKINS SAID HE ONLY FILED IT ON THE ADVISE OF THIS
SAME CIVIL ATTORNEY, FOR DOCUMENTATION PURPOSES. SGT FREY IS WORKING ON A
Response: PROCEDURE TO ENSURE PROPER HANDLING OF LEGAL MAIL.
Shift Sgt.: Name _Frey X394_    Team _C_    Date _5-6-04_

THIS IS AN ON-GOING COMPLAINT BY INMATE HAWKINS. HAWKINS WISHED IT TO BE DOCUMENTED,
HOWEVER DID NOT BRING IT TO OUR ATTENTION FOR @ A MONTH. SUFFICIENTLY HANDLED
Requires    AT THIS TIME THROUGH DOCUMENTATION.
Response: _____ Classification _____ Medical _____ Food Services _____ Other:
RECOMMEND THAT IN FUTURE INMATE SERVICES HANDLE ANY AND ALL LEGAL MAIL
Response MATTERS WITH INMATE HAWKINS.
Jail Cmdr. (Final Disposition) _New Procedure for handling Legal MAIL is being_
_considered_
Facility Commander _[signature]_    Date _5-7-04_

Distribution:
**White** – Admin    **Canary** – Prisoner (Final Disposition)    **Pink** – Prisoner (Initial Receipt)

**EXHIBIT G**

Homer E Hawkins
Marin County Jail - Lar #0125988
18 Peter Behr Drive
San Rafael, CA   94903-____

Chief of Police, Richard Word

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Hawkins | No. RG04147302 |
| Plaintiff/Petitioner(s) | |
| VS. | |
| Chief of Police, Richard Word | NOTICE OF HEARING |
| Defendant/Respondent(s) | |
| (Abbreviated Title) | |

To each party or to the attorney(s) of record for each party herein:

Notice is hereby given that the above entitled action has been set for:

Complex Determination Hearing
Case Management Conference

You are hereby notified to appear at the following Court location on the date and time noted below:

Complex Determination Hearing:
DATE: 04/30/2004   TIME: 02:00 PM   DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
        1221 Oak Street, Oakland

Case Management Conference:
DATE: 06/01/2004   TIME: 01:30 PM   DEPARTMENT: 22
LOCATION: Administration Building, Fourth Floor
        1221 Oak Street, Oakland

Pursuant to California Rules of Court, Rule 1800 et seq. and Local Rule 4.2 (Unified Rules of the Superior Court, County of Alameda), matter is set for a Complex Litigation Determination Hearing and Initial Complex Case Management Conference.

Department 22 operates a tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date. Please consult Appendix E to Local Rules 4 and 5 of the Unified Rules of the Superior Court, County of Alameda, concerning the tentative ruling procedures for Department 22.

Counsel or party requesting complex litigation designation is ordered to serve a copy of this notice on all parties omitted from this notice or brought into the action after this notice was mailed.

All counsel of record and any unrepresented parties are ordered to attend this Initial Complex Case Management Conference unless otherwise notified by the Court.

Failure to appear, comply with local rules or provide a Case Management Conference statement may result in sanctions.

All motions in this matter to be heard prior to Complex Litigation Determination Hearing must be scheduled for hearing in Department 22.

If the information contained in this notice requires change or clarification, please call the courtroom clerk for Department 22 at (510) 272-6157.

TELEPHONIC C    RT APPEARANCES at Case Management Cu....erences may be available by contacting CONFERENCE CALL SERVICES, an independent vendor, at least 3 business days prior to the scheduled conference. Parties can make arrangements by calling (888) 527-7327, or faxing a service request form to (800) 833-5133. This service is subject to charges by the vendor.

Dated: 03/29/2004

Executive Officer / Clerk of the Superior Court

By

_Yasmin Reddy_

Digital

Deputy Clerk

## CLERK'S CERTIFICATE OF MAILING

I certify that the following is true and correct: I am the clerk of the above-named court and not a party to this cause. I served this Notice by placing copies in envelopes addressed as shown hereon and then by sealing and placing them for collection, stamping or metering with prepaid postage, and mailing on the date stated below, in the United States mail at Alameda County, California, following standard court practices.

Executed on 03/29/2004.

By

_Yasmin Reddy_

Digital

Deputy Clerk

**EXHIBIT H**

## RULE 5.3  APPLICATIONS FOR ORDERS FOR PAYMENT OF MONEY ON DEPOSIT WITH THE COURT

**Form:** All declarations and orders for payment of money shall be presented for signature on the form available from the Court (Form #202-1008 Declaration and Order for Payment of Money). *(Effective 5/19/98; Renumbered from Rule 5.4, 7/1/03)*

## RULE 5.4  OBJECTIONS TO EVIDENCE

A written objection to evidence in support of or in opposition to a motion shall state the page and line number of the document to which the objection is made, and state the grounds of objection with the same specificity as a motion to strike evidence made at trial. Written objections shall be filed and served no later than 4:30 p.m. on the court day preceding the hearing. This rule does not apply to summary judgments and/or summary adjudications which are governed by CRC 345. *(Effective 5/19/98; Amended, 1/1/00; Renumbered from Rule 5.5, 7/1/03)*

## RULE 5.5  MOTION FOR RECONSIDERATION

Any motion for reconsideration must contain a separate statement setting forth the date of the prior motion and the new facts which were not before the Court at the original consideration of the motion. If the party is relying on Blue Mountain Development Co. v Carville (1982) 132 Cal. App. 3d 1005, the party must indicate in the separate statement the justification and explanation for failing to bring the matter up at the prior hearing. *(Effective 5/19/98; Renumbered from Rule 5.6, 7/1/03)*

## RULE 5.6  CIVIL CASE RE-CLASSIFICATION

See Code of Civil Procedure § 403.010 et seq. regarding procedure for reclassification of cases. *(Effective 7/1/99; Renumbered from Rule 5.8 to 5.7, 1/1/02 and from Rule 5.7, 7/1/03)*

## RULE 5.7  TENTATIVE RULING SYSTEM

The Civil Law and Motion Departments operate tentative ruling systems. Procedures and telephone numbers for each department are listed in the Appendix. Failure to follow the procedure of the Court will result in the tentative ruling becoming the Court's order. *(Effective 5/19/98; Renumbered from Rule 5.9 to 5.8, 1/1/02 and from Rule 5.8, 7/1/03)*

## RULE 5.8  ADMINISTRATIVE WRITS

1   In seeking administrative mandamus or prohibition relief, it is not necessary to obtain an alternative writ (section 1088 of the Code of Civil Procedure). The noticed motion procedure may be used.

2.   If an alternative writ is sought in the first instance, the petitioner must appear ex parte in the appropriate law and motion department to seek issuance of an order to show cause. The petition must be filed in the civil section of the Clerk's Office.

3.   Petitions for writs of mandamus shall state whether the case is filed under C.C.P. Sec. 1085 or C.C.P. Sec. 1094.5. (Effective 5/19/98; Amended 1/1/00; Renumbered from Rule 5.10 to 5.9, 1/1/02 and from Rule 5.9, 7/1/03)

# EXHIBIT I

Local Rules of the Superior Court of California, County of Alameda

2. The tentative ruling will become the court's ruling unless by 4:00 p.m. on the court day preceding the hearing, counsel or an unrepresented party leaves a message on the tentative ruling voice mail system to request argument and to specify the case name, line number, and the issues to be contested. Counsel or unrepresented parties must advise all other counsel and unrepresented parties no later than 4:00 p.m. of his or her decision to appear and of the issues to be argued.

George E. McDonald Hall of Justice (Alameda)
Tentative rulings are not made at this location of the court.

## C. CIVIL EX PARTE ORDERS

**General Jurisdiction Civil Cases:**

**Reservation of Appointments:** All requests for ex parte relief shall be by appointment only. Appointments shall be made 24 hours or more before ex parte appearance. A party seeking an ex parte order shall comply with CRC Rule 379. A reservation of appointment shall be made in the appropriate department as follows:

Northern, Southern, and Eastern Divisions - Department 31
For an appointment call (510) 208-3949.

## D. ATTORNEY FEE SCHEDULES

Except as otherwise ordered by this Court in any civil case, except Unlawful Detainers, attorney fees when allowable, shall be fixed in accordance with the following schedule:

For the first $5,000.00 in principal, at the rate of 25%, or the sum of $300.00, whichever is greater;

For the next $10,000.00, in principal, at the rate of 20%
For all principal above $15,000.00 at the rate of 15%
For Unlawful Detainers, the minimum fee shall be $300.00

A written declaration for submission to the court is required to substantiate extraordinary fees that exceed this schedule.

## E. COMPLEX CIVIL LITIGATION
### 1. ASSIGNMENT TO THE COMPLEX CIVIL LITIGATION DEPARTMENT

Local Rules of the Superior Court of California, County of Alameda

Every case determined by the Court to be a complex case pursuant to California Rules of Court, rule 1800 et seq. shall be assigned for all pretrial purposes to Department 22, Judge Ronald M. Sabraw, presiding.

Hon. Ronald M. Sabraw
Judge of the Superior Court of California, County of Alameda
Department 22
1221 Oak Street, 4th Floor
Oakland, CA 94612
Courtroom Clerk's Telephone Number: (510) 272-6157
Tentative Ruling Telephone Number: (510) 271-5106

2. COMPLEX DETERMINATION HEARING
Cases designated in the Civil Case Cover Sheet (Judicial Council Form 982.2(b)(1) by plaintiff or counter-designated by defendant as complex under rule 1800 of the California Rules of Court will be scheduled by the Court for a Complex Determination Hearing in Department 22. Notice of hearing will be given by the Court with instructions regarding tentative rulings, telephonic appearance, and the tentative date of the Initial Complex Case Management Conference. In all pending cases not previously designated as complex, counsel, unrepresented parties or the Court may notice a hearing in Department 22 requesting complex designation by scheduling a hearing for the same with the clerk in Department 22. All motions in cases pending a Complex Determination Hearing must be scheduled for hearing in Department 22.

3. COMPLEX CASE MANAGEMENT CONFERENCE
Cases determined by the Court to be complex will be scheduled for a Complex Case Management Conference (CCMC) in Department 22 within 15 days following the Complex Determination Hearing.

4. COMPLEX CASE MANAGEMENT CONFERENCE STATEMENTS
Attorneys or unrepresented parties shall file CCMC statements directly in Department 22 within five (5) calendar days prior to the Complex Case Management Conference. The CCMC statements shall address the following issues:

    A.   A statement of the issues presented in the case, including each theory and defense, the facts supporting each position taken in the form of a brief factual summary assisting the Court in understanding the background of the case, the relief sought, including an estimate of damages, and the status of relevant discovery.

    B.   The number of parties and their posture, including a proposed structure of representation, (e.g., liaison/lead counsel or by committee) if applicable.

    C.   Deadlines and limits on joinder of parties and amended or additional pleadings.

    D.   Class discovery and class certification.

E.  A proposed schedule for the conduct of the litigation including, but not limited to, a discovery plan, a plan for hearing remaining law and motion matters, and a projected trial date.

F.  An identification of all potential evidentiary issues involving confidentiality or protected evidence.

G.  A detailed description of the procedural posture of the case, describing any outstanding procedural problems, including, but not limited to:

    (1)  unserved parties and the reasons for the failure to serve;
    (2)  unserved and/or unfiled cross-complaints;
    (3)  related actions pending in any jurisdiction and the potential for coordination or consolidation;
    (4)  any possible jurisdictional or venue issues that may arise;
    (5)  the status of discovery, including a description of all anticipated discovery and incomplete or disputed discovery issues;
    (6)  unresolved law and motion matters;
    (7)  requests for, or opposition to, any ADR proceedings, including but not limited to mediation, judicial or contractual arbitration;
    (8)  severance of issues for trial; and
    (9)  calendar conflicts for any attorney, witness, or party, and any other matter which may affect the setting of a trial date.

H.  Counsel shall make suggestions for streamlining the litigation, including but not limited to, a master file system, designation of lead counsel to streamline service of process, the use of e-filing, and the use of web-page maintained by lead counsel for the purpose of posting the litigation schedule and agenda.

## 5.  REPORTING SETTLEMENT OF CASES

Attorneys or unrepresented parties must notify Department 22 in writing of the settlement of any complex civil case.

## 6.  COMPLEX LITIGATION LAW AND MOTION

All motions in complex cases shall be scheduled for hearing in Department 22.

### Reservation of Time for Hearing:

The moving party shall call the courtroom clerk at (510) 272-6157 and reserve time before filing a motion.

### Tentative Rulings:

1.  Department 22 operates a tentative ruling system for complex cases. The tentative ruling can be obtained by calling the tentative ruling voice mail system at (510) 271-5106 after 5:00 p.m. two court days preceding the hearing date.

2.  The tentative ruling will become the Court's ruling unless by 4:00 p.m. the court day preceding the hearing, counsel or an unrepresented party leaves a message on the

tentative ruling voice mail system to request argument and to specify the case name, line number, and the issues to be contested.

3.  Counsel or unrepresented parties must advise all other counsel and unrepresented parties no later than 4:00 p.m. of his or her decision to appear and of the issues to be argued. Failure to advise the Court, counsel and any unrepresented parties will preclude counsel from arguing the matter.

**EXHIBIT J**

Homer E Hawkins ✓
Marin County Jail - Lar #0125988
18 Peter Behr Drive
San Rafael, CA  94903-____

## Superior Court of California, County of Alameda
## Rene C. Davidson Alameda County Courthouse

| | |
|---|---|
| Hawkins<br><br>Plaintiff/Petitioner(s)<br><br>VS.<br><br>Chief of Police,Richard Word<br>Defendant/Respondent(s)<br>(Abbreviated Title) | No. RG04147302<br><br>Order<br><br>Complaint - Other PI/PD/WD Tort |

The Complex Determination Hearing was set for hearing on 04/30/2004 at 02:00 PM in Department 22 before the Honorable Ronald M. Sabraw. The Tentative Ruling was published and has not been contested.

IT IS HEREBY ORDERED THAT:

The tentative ruling is affirmed as follows: The complex determination hearing is DROPPED by the Court. The complaint was voided by court order dated 4/19/04.

Dated: 04/30/2004

Judge Ronald M. Sabraw

# EXHIBIT K

**MARIN COUNTY SHERIFF'S DEPARTMENT**

JAIL
DIVISION

**PRISONER GRIEVANCE**

Prisoner's Name: HOMER E. HAWKINS (S.)    Bkg. # 0125988    Housing # 15 #9

Received From Prisoner: Day FRI   Date 4-30   Time 1919   Deputy YORK   Team A

Details of Grievance (Do not write on backside): The reason this agrievance is being written up is because that I have attempt to let the (OFFICER'S AND SERGEANT) by [REQUEST FORM'S] to have schedule a "TELEPHONIC COURT APPEARANCE" at (SUPERIOR COURT OF ALAMEDA COUNTY) on date of (APRIL 30, 2004 - FRIDAY). I sent [REQUEST'S] and let the officer know this on (APRIL 28 - 30, 2004) and from (WEDNESDAY THROUGH FRIDAY). The Inmate's should have "ACCESS POLICIES" with "PROCEDURES" allowing access to "COURT'S". There have been a (CONSTITUTIONAL AND DUE PROCESS) Violation within these three day's Local DETENTION FACILI-TIES [Title-15 § 1007; § 1062]; [BOUNDS V. SMITH, 430 U.S. 917, 224, 228 (1977)].

(Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN COUNTY JAIL, Civic Center San Rafael, CA 94903

**Response**
Line Officer: Name _____ Team _____ Date _____

**LEVEL I**

**Response**
Shift Sgt. Name _____ Team _____ Date _____

**LEVEL II**

Requires Response: ____ Classification   ____ Medical   ____ Food Services   ____ Other

**Response**
Jail Cmdr. (Final Disposition) _____

**LEVEL III**

Facility Commander _____ Date _____

Distribution:
**White** – Admin    **Canary** – Prisoner (Final Disposition)    **Pink** – Prisoner (Initial Receipt)

445.40

**EXHIBIT L**

**JAIL DIVISION**

**MARIN COUNTY SHERIFF'S DEPARTMENT**

**PRISONER GRIEVANCE**

Prisoner's Name: HOMER E. HAWKINS (3.)  Bkg. # 0125988  Housing D/5 9

Received From Prisoner: Day FR-1  Date 5/7/04  Time 1410  Deputy Seymour  Team C

Details of Grievance (Do not write on backside): I inmate HAWKINS is attempting to write another grievance about the failure for not (RESPONDING) to the [APRIL 30, 2004] "AGRIEVANCE" sign by (Mr. YORK - TEAM-A). On the Issue of (NOT) scheduling a "TELEPHONIC COURT APPEARANCE OF SUPERIOR COURT OF ALAMEDA COUNTY) when I sent in [TWO REQUEST'S] from (APRIL 28-30, 2004 [WEDNESDAY THROUGH FRIDAY].) And I also related the Information to the "OFFICE'S" in the (DISCIPLINARY SEGREGATION TOWER). There are a (DUE PROCESS) violation of grievance process under (LOCAL DETENTION FACILITIES-TITLE-15, Section 1073 (42 U. S.C. §1997e (a); Rumbles v. Hill (9th Cir. 1999) 182 F. 3d 1064 unsuccessfully attempted resolution through grievance process

(Do not write below this line)

If you do not receive a reply within seven days, direct a letter to the JAIL COMMANDER, MARIN COUNTY JAIL, Civic Center, San Rafael, CA 94903

Response Line Officer: Name CERANGOLO 596  Team 1 (A)  Date 5-8-04

**LEVEL I** REFER TO ADMIN.

Response Shift Sgt.: Name BUXTON  Team A  Date 5/9/04

**LEVEL II** NOT SURE IF THE ABOVE GRIEVANCES ARE STILL PENDING WITH OUR ADMIN. YOUR TELEPHONIC COURT REQUEST IS UNUSUAL AND MUST BE REVIEWED BY ADMIN. IF POSS. BUT TO CONDU

Requires Response: ___ Classification ___ Medical ___ Food Services ___ Other:

**LEVEL III** Response Jail Cmdr. (Final Disposition): ADMIN. DID NOT RECIEVE THIS "AGRIEVANCE". IF THIS WAS A GRIEVANCE, FORWARD A COPY TO ME. IF THIS IS A JUDICIAL MATTER handle THROUGH YOUR ATTORNEY or The COURTS. Facility Commander _____ Date 5-10-04

Distribution: White – Admin  Canary – Prisoner (Final Disposition)  Pink – Prisoner (Initial Receipt)

445.40

**EXHIBIT M**

# MARIN  COUNTY JAIL
## Inmate  Request  Form

Route to: (circle one or use blank space to write in their name)

1.  Housing Sergeant                    2.  Booking Sergeant
3.  Prisoner Services                    4.  Inmate Programs
5.  Probation                           6.  Public Defender
7.  Education                           8.  (other) _____

From: _HOMER E. HAWKINS (J.)_____     LAR #: _0125988_

Pod & Bed # or (Cell #) _Lock down o/s # 9_

I am writing you about : ___I am Inmate "HAWKINS" would to see___
_if your office could be able to send this "LARGE, OVER___
_WEIGHTED" size of Envelope to the (U.S. COURT OF APPEALS)___
_of "SAN FRANCISCO" (Title - 15, Section 1063 (e); Title - 15,___
_section 1063 (a).)___
____I am "INDIGENT" inmate and cannot afford___
_to retain "POSTAGE PAID STAMPS" (Title - 15, Section___
_1045 (b) Guideline and Paragraph (4).)___

____Thanking you for your time and attention to this___
_matter:___

____DATED : 4-13-04___
_RECEIVE BY OFFICER : DEPUTY  KNIGHT #1542___

---

### Property Release Request
I Authorize The Release Of The Items Of Property Listed Above

| To: (NAME) | (Their Signature) | |
|---|---|---|
| (Inmates Signature) | (Persons ID # ) | |
| Property Released By: | (Badge #) | (Date & Time) |

Do Not Write  Below This Line

**EXHIBIT N**

## PROOF OF SERVICE BY MAIL

I, DEPUTY KNIGHT _____, declare:

I am, and was at the time of the service hereinafter mentioned, over the age of 18 years and not a party to the above-entitled cause. My (residence or business) address is

OFFICER OF MARIN COUNTY JAIL OF

CIVIC CENTER SAN RAFAEL, CALIFORNIA · 94903

and I am a resident of, or employed in, _____MARIN_____ County, California.

On the date of ___4-13-04___ I served the

Receiveing [LEGAL MAIL] document's from Inmate

HOMER HAWKINS, To be served to [Prisoner Services] so that

Petition for writ to be served to [U.S. COURT OF APPEALS]

(exact title of document(s) served)

by depositing a copy of the document(s) in the United States mail at

(location) Marin County Jail _____, (city) SAN RAFAE, CA.

___MARIN·___ County, California in a sealed envelope, with postage fully prepaid, addressed as follows: (In the space below insert the name and mailing address of each person you are serving with these documents. If the person is a party to the action or an attorney for a party, indicate that with the address).

At the time of mailing there was regular delivery of United States mail between the place of deposit and the place of address.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

Date: _4,-13-04_

#.542
(Signature of person mailing)

DEPUTY KNIGHT
(Name of person mailing, typed or printed)